# Dunklin *et al. v.* Harvey.

*Bill in Equity to vacate Chancery Decree for Fraud.*

1. *Fraudulent chancery decree.*—A decree in chancery is fraudulent and void as to persons who were not made parties to the suit, and whose rights were known to be involved; and a purchaser at a sale under such decree, having knowledge of the defect, is not entitled to protection.

2. *Bill impeaching decree for fraud.*—An original bill, in the nature of a bill of review, is the proper mode by which to impeach a decree for fraud, at the instance of a stranger.

3. *Decree enforcing vendor's lien on land; when set aside for fraud, at instance of purchaser for valuable consideration without notice.*—A decree in chancery, enforcing a vendor's lien on land, in favor of an assignee of one of the notes given for the purchase-money, will be set aside for fraud, at the instance of a sub-purchaser for valuable consideration without notice, who was not made a party to the suit, although he was known to be in possession of the land under claim of title, and had been in open and notorious possession for ten years, and had obtained the legal title from the original vendor before the commencement of the suit.

4. *Implied notice to principal.*—A purchaser of lands, at a sale made under a chancery decree, is chargeable with implied notice of any fraud, or other defect in the proceedings, of which his agent in making the purchase, who was a party to the suit, had actual notice.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed on the 2d June, 1873, by Michael W. Harvey, against John T. Dunklin individually, and as administrator of the estate of Henry C. Sills, deceased, George Reese, Mary S. Reese, his wife, and several other persons; and sought to vacate and set aside, on the ground of fraud, a decree in chancery rendered on the 21st November, 1871, in a certain suit, then pending in said court, wherein said John T. Dunklin, as the administrator of said Henry C. Sills, was the sole complainant, and said George Reese and wife were the only defendants; and also to set aside and vacate a sale of certain lands under said decree, made on the 5th August, 1872, at which the said Dunklin became the purchaser, as the agent of Mrs. Julia A. Sills, the widow of

[Dunklin et al. v. Harvey.]

his intestate.   The facts, as alleged in the bill, and shown by the exhibits, are these:

In December, 1860, Harvey, being a comparative stranger in Russell county, to which he had then recently removed, and desiring to purchase a tract of land adjoining his homestead, which was then in the possession of said George Reese, and learning that Reese had bought it from one Henry Crowell, applied to said Crowell for information as to the title. Crowell informed him, that Reese had agreed to give $6,000 for the land, had paid one-half of that amount, and had given his note for the balance ($3,000), which Crowell still held, and which, as he said, was the only lien or incumbrance on the land.   Reese confirmed these statements, and agreed to transfer his interest in the land to Harvey, on repayment of the money which he had advanced to Crowell, with interest. In answer to repeated inquiries by Harvey, Crowell and Reese asserted that there was no defect whatever in the title, and that the note for $3,000, held by Crowell, was the only incumbrance on the land; and Reese, at the request of Harvey, held up his right hand, and confirmed his statement with an oath.   Relying on these statements, and after making diligent inquiry in the neighborhood for further information, Harvey agreed to purchase the land at the price of $3,000; and a few days afterwards he met Reese and Crowell, by appointment, for the purpose of consummating the contract. At this interview, Harvey repaid to Reese the amount which the latter had paid to Crowell, with interest, and offered to pay the note which Crowell had; but Crowell said the note belonged to his wife, and that the money must be paid to her, and handed the note to her, she being present.   Harvey offered to pay the money to Mrs. Crowell, but she declined to receive it, saying that she then had no use for it, and preferred that it should remain in his hands until she wanted it; and on Harvey objecting to the note outstanding as a lien on the land, she destroyed it, and she and her husband declared the lien discharged.   At the same time, Reese executed a writing, directing Crowell to make titles to the land to Harvey; and Crowell delivered to him all the conveyances which he had for the land, including the patent from the United States, and he and his wife promised to execute a deed, with full covenants of warranty, in a few days.   A short time afterwards, Reese moved off the land, and Harvey immediately took possession of it, and continued in the open and notorious possession until the filing of his bill in this case; and he afterwards paid Mrs. Crowell the money due on her note, "on her demand, at her own pleasure," but at what particular time or times the bill does not state.   In

fulfillment of their promise, Crowell and wife executed a deed for the land to Harvey a few weeks after his purchase, but it was found to contain a misdescription of the land; a second deed was executed, which contained a similar mistake; and in 1865, after the close of the war, a third deed was executed and delivered, which was likewise erroneous.

Harvey had no notice of any defect in the title to the land, or of any incumbrance on it, until the 10th September, 1867, when he was served with a subpœna in a chancery suit, in the name of Henry C. Sills as complainant, against said George Reese and wife and said Harvey as defendants, the object of which was to subject the lands to the payment of an outstanding note for $3,000, which Reese had given to Crowell in part payment for the land, and which Crowell had transferred to said Sills. Reese, when applied to for information on the subject, acknowledged that it had been given in part payment of the purchase-money for the land, but said that it had all been paid except $300 or $400, which Sills would not receive because it was offered in Confederate currency. Harvey filed a demurrer to the bill in that case; and after the death of Sills had been suggested, and the suit had been revived in the name of said John T. Dunklin as his administrator, the bill was dismissed, but without prejudice. In December, 1869, after the dismissal of this bill, Reese procured from Crowell and wife, and delivered to Harvey, a corrected deed for the land, with covenants of warranty, and informed him that he had paid the note in full to Dunklin. In March, 1870, Dunklin, as administrator of Sills, filed another bill in said court, to subject said land to the payment of said note; and to this bill Reese and wife only were made defendants. In November, 1871, a decree was rendered in said suit, on decrees *pro confesso* against Reese and wife; declaring that the note was a lien on the land; ascertaining the amount due to be $4,688, and ordering a sale of the land unless the money was paid into court within ten days after the adjournment of the court. Under this decree, the land was sold by the register, in August, 1872, and was bid off at the sale by said John T. Dunklin, as the agent of Mrs. Julia A. Sills, who was the widow of said Henry C. Sills, at the price of $300; and at the May term, 1873, the sale was ratified by the court, and the register was ordered to make a deed to Mrs. Sills as the purchaser.

The bill in this case alleged, that the complainant, said Harvey, was in the open and notorious possession of the land, under claim of title, at the time when the bill was filed by Dunklin; that his possession and claim of title were well known to Dunklin, who lived in the neighborhood, and was

well acquainted with all the facts; that he was intentionally
omitted as a defendant to that suit, and had no notice of its
pendency until after the rendition of the decree, and that
the land was worth $6,000. Copies of the proceedings and
decrees in the suit of Dunklin were made exhibits to the bill,
and the prayer was that the decree and sale might be vacated
and set aside. Besides Dunklin, Reese and wife, and Mrs.
Julia A. Sills, several other persons were joined as defend-
ants, whose names are only mentioned in the prayer for pro-
cess, and whose interest, if any, is nowhere disclosed by the
record. A demurrer to the bill, for want of equity, was filed
by Dunklin, Reese, and Mrs. Sills, which was overruled by
the chancellor; and decrees *pro confesso* were afterwards
entered against all the defendants. The cause was submit-
ted for final decree, on bill, exhibits, and decrees *pro confesso;*
and the chancellor thereupon rendered a decree for the com-
plainant, declaring the former decree, and the sale under it,
fraudulent and void as against Harvey, ordering the regis-
ter's deed to Mrs. Sills to be delivered up and cancelled, and
enjoining her and all others from any proceedings under the
decree or sale.

The appeal is sued out by Dunklin, as administrator of
Sills, and all the other defendants, except Reese and wife;
and the overruling of the demurrer to the bill, and the final
decree, are assigned as error.

R. C. HOLIFIELD, with whom was F. M. WOOD, for the ap-
pellants.—1. The bill shows that Harvey had notice of the
claim asserted by Dunklin's bill, before he obtained the legal
title to the land. The former suit, to which he was a party,
was filed in 1867, and he did not obtain the legal title until
1869. Nor does he show when he paid the purchase-money.
He fails, therefore, to make out the defense of a *bona fide*
purchase for valuable consideration without notice.—*Boon v.
Chiles,* 10 Peters, 177.

2. Under the decree in Dunklin's suit, only the interest of
Reese and wife was sold; and the present bill alleges that
they had no interest whatever. As Harvey was in posses-
sion of the land, and was not made a party to that suit,
his rights are not affected by it, and he can not be in-
jured by it.

3. The bill does not aver that Reese and Crowell, from
whom Harvey purchased the land, and who are charged
with having defrauded him, are insolvent. So far as the bill
shows, he has a plain and adequate remedy at law.

4. As against Dunklin in his representative character, the

decree *pro confesso*, without other evidence, was not sufficient to authorize a decree.—Rev. Code, § 3391.

ULYSSES LEWIS, *contra.*—1. The bill was in proper form, and made out a clear case of fraud, against which a court of equity will grant relief.—Story's Equity Pleadings, §§ 426, 427, 428; *Cochran v. Rison*, 20 Ala. 463, and brief of defendant's counsel on page 467; *Ex parte Smith*, 34 Ala. 455; *Phillips v. Threadgill*, 37 Ala. 93; *Eslava v. Lepretre*, 21 Ala. 504; *Robison v. Robison*, 44 Ala. 227; *Kennedy v. Kennedy*, 2 Ala. 571; *Chambers v. Crook*, 42 Ala. 171; *Bryant v. Young & Hall*, 21 Ala. 264.

2. Dunklin, who had acted as the agent of Mrs. Sills in making the purchase under his decree, had actual notice of all the facts which render the decree void; and this charges Mrs. Sills with implied notice.—Story's Eq. Pl. § 808; Mitford's Eq. Pl. 278; *Wiley, Banks & Co. v. Knight*, 27 Ala. 336.

3. The proceedings had in his own suit, which were made exhibits to the bill, were sufficient proof against Dunklin.

STONE, J.—A decree, obtained without making those persons parties to the suit in which it is had, whose rights are affected thereby, is void as to those parties; and even a purchaser under it, having notice of the defect, is not protected by such a decree.—Story's Eq. Pl. § 427. It is shown in the same author—section 426—that the proper mode of impeaching a final decree for fraud, at the suit of a stranger, "is an original bill in the nature of a bill of review. There is no doubt of the jurisdiction of courts of equity to grant relief against a former decree, where the same has been obtained by fraud and imposition; for those will infect judgments at law, and decrees of all courts; but they annul the whole in the consideration of courts of equity."

The decree, and sale under it, which the present bill seeks to vacate, were obtained in a suit in which Dunklin, as administrator of Sills, was sole complainant, and George Reese and Mary Reese, his wife, were the only defendants. Reese at no time had title to the land, and was not in possession; but Harvey had been in open, notorious possession, for nearly ten years, and, before the bill was filed, had obtained the legal title. He did not know of Dunklin's suit, until after the sale under the decree. Dunklin, long before he filed his bill, knew that Harvey was in possession, claiming ownership of the lands. Still, he bid off the lands at the sale, giving only one-twentieth of the price at which the lands were twice sold; and had the title made to Mrs. Sills, widow of his intestate. The bill contains a strong, detailed state-

ment of facts, showing Dunklin's knowledge of Harvey's interest; and we discover no fact or circumstance of excuse or extenuation, in the slightest degree relieving him of the imputation that there was design in omitting the name of Harvey as a defendant. Yet, notwithstanding this strong array of charges, neither Dunklin nor Mrs. Sills, although personally served with summons, filed any answer to the bill in this case, but allowed decrees *pro confesso* to be entered up against them. On the decrees *pro confesso*, rendered on personal service against all the defendants, and on the record of Dunklin's suit of foreclosure against Reese and wife, the present cause was submitted for decree, and was decreed finally.

The decree in the foreclosure suit was in favor of Dunklin as administrator of Sills, against Reese and wife. It asserted and ascertained only two propositions that affected Sills' estate : first, the amount due, principal and interest, from Reese to Sills ; second, that there was a vendor's lien on the lands in controversy in this suit, for the payment of such ascertained debt. The record of the foreclosure suit, which was in evidence, proved that Harvey, complainant in this suit, was not made a party to that. Not being a party, and the title being in him, with a very strong equity in his favor, we hold that the material averments of this bill are sufficiently proved to meet the requirements of section 3391 of the Revised Code, and that the decree of foreclosure against Reese and wife was fraudulent and void as against Harvey, complainant in this suit.

Dunklin, the administrator, complainant in the foreclosure suit, under the most favorable view for Mrs. Sills which the present record will permit us to take, acted as her agent in the purchase of the lands. He knew of the fraud—caused it to be perpetrated, against Harvey, in not making him a party to the foreclosure suit. Notice to him, in that transaction, was constructive notice to Mrs. Sills, for whom he professed to act.— *Wiley, Banks & Co. v. Knight*, 27 Ala. 336 ; *Smyth v. Oliver*, 31 Ala. 39 ; *Mundine v. Pitts*, 14 Ala. 84.

We hold, that the decree and sale under said bill of *Dunklin, adm'r, v. Reese*, were fraudulent and void as against Harvey.—See *Dufphey v. Frenaye*, 5 Stew. & Por. 215 ; *Phillips v. Threadgill*, 37 Ala. 92 ; *Ex parte Smith*, 34 Ala. 455 ; *Moore v. Clay*, 7 Ala. 742 ; *Hanrick v. Thompson*, 9 Ala. 409 ; *Thompson v. Campbell*, at present term.

There is no error in the record, of which appellant can complain, and the decree is affirmed.