# Pearce *v.* Smith, Admr. &c.

### *Bill in Equity for an Injunction.*

1. *Principal and agent; when notice or information of agent binding upon principal.*—In order for the knowledge or information of an agent to be binding upon his principal, it is necessary that such knowledge or information should be acquired by the agent while transacting the business of his principal, and in the line of his duty; and information acquired by one many years prior to the time he acts in a transaction as agent for another is not binding upon his principal, and can not be considered as notice on the part of the principal of the facts of which the agent had been so previously informed.

2. *Registration of deed; effect thereof as notice.*—The registration of a deed operates as notice only of rights or claims derived from the grantor by whom the deed is executed, and not as notice of claims or rights derived from others not parties to the deed.

APPEAL from the Chancery Court of Marion.

Heard before the Hon. WILLIAM H. SIMPSON.

The appellant, James P. Pearce, instituted a suit in the Chancery Court of Marion county against James B. Smith, as administrator of the estate of Mary A. Smith, deceased.

The bill in this cause was filed on the 14th day of August, 1897, and seeks to enjoin a statutory action of ejectment brought by the defendant's intestate and now pending in the circuit court of Marion county, Alabama, for the recovery of the lands in dispute. By subsequent amendment, the complainant seeks to enjoin the collection of a certain judgment, obtained against him in the same court, in an action of trespass *quare clausum fregit* in respect to the same lands. The complainant claims under a mortgage executed by T. M. Walker in 1879, and a decree of foreclosure rendered thereon by the chancery court of Marion county, Alabama, on the 25th day of

[Pearce v. Smith, Admr.]

June, 1895, and as purchaser at a sale thereunder on the 7th day of October, 1895. The defendant claims title by the purchase of his intestate from one W. F. Walker, in 1882, followed by the execution of a deed in 1886, and adverse possession for a period of time sufficient to confer title, and by cross-bill seeks the annulment of said mortgage on his title and an accounting for rents. According to the averments of the bill, the legal title to the lands, at the time of the execution of said mortgage, was in said W. F. Walker, but T. M. Walker was the real owner. The only specific relief prayed is for an injunction against said action of ejectment and the declaration and enforcement of an estoppel *en pais*. The averment that the legal title was in W. F. Walker is borne out by the evidence. By an exchange of lands between T. M. Walker, W. F. Walker and the defendant's intestate, the latter acquired the lands in dispute and went into possession in 1882, and continued in notorious possession under a claim of ownership until she was dispossessed by writ of restitution in 1895. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

ALMON & BULLOCK, for appellant, cited, *Collins v. Stix*, 96 Ala. 338; *Jenkins v. Loveless*, 72 Ala. 303; *Taylor v. A. & M. Asso.*, 68 Ala. 239; *The State v. Connor*, 69 Ala. 312; *Boyd v. Beck*, 29 Ala. 703.

DANIEL COLLIER, *contra*, cited, *Lewis v. Ford*, 67 Ala. 143; *McCall v. Powell*, 64 Ala. 254; *E. Ala. R. R. Co. v. N. T. & C. R. R. Co.*, 78 Ala. 274; *Thomas v. Campbell*, 57 Ala. 183; *Hooper v. Yonge*, 69 Ala. 144.

TYSON, J.—The complainant claims to derive title to the land in dispute through a mortgage executed by Thad. M. Walker and wife, to him, in 1879, and a paper writing executed by Wm. F. Walker contemporaneously with the mortgage, in which Wm. F. consented to his brother, Thad. M., executing the mortgage upon it. The mortgage was recorded, but the agreement was not. The legal title to this land was in Wm. F., and not in Thad. M. This is the averment of the bill and the proof sustains it.

In 1882 Mrs. Mary A. Smith went into possession of the land under contract of purchase or exchange, which was evinced by a deed made to her in 1886, by Wm. F. Walker, and remained in and continued in uninterrupted possession of it, claiming it as her own, until 1895, when she was illegally dispossessed by the sheriff, acting under a writ of assistance issued out of the chancery court in a foreclosure proceeding, when the mortgage given by Thad. M. Walker to this complainant was foreclosed upon this and other lands. She was neither a party or privy of any party to that cause. Her possession was derived from Wm. F. Walker, who had the legal title, and from whom she acquired that title by deed several years prior to the institution of that suit.—*Johnson & Seats v. Smith,* 70 Ala. 108; *Hooper v. Yonge,* 69 Ala. 484; *Thompson v. Campbell,* 57 Ala. 183. She became the absolute owner of the lands by the acquisition of the legal title, unless she had notice, actual or constructive, of the outstanding equity which the complainant seeks to enforce, at the date of her purchase.

The complainant introduces some testimony tending to show that her husband, who acted for her in the transaction by which she became the owner of the land, knew of the agreement made by Wm. F. Walker, her grantor, with him. This, however, is denied by Smith, the husband. But whatever may have been his information as to the agreement, his principal, Mrs. Smith, was not bound by it, he having acquired it, if at all, many years prior to the purchase by her.—*Central of Ga. Ry. Co. v. Joseph,* 125 Ala. 313, and authorities cited therein. And

[Pearce v. Smith, Admr.]

whatever may have been the effect and operation of this agreement *inter partes,* it is very clear that Mrs. Smith was not bound by it, unless she had notice of it, either actual or constructive. The evidence fails to disclose any actual notice of it by her. And it is very certain that the record of the mortgage executed by Thad M. Walker to the complainant did not operate as constructive notice to her of it.—*Lehman, Durr & Co. v. Collins,* 69 Ala. 127.

But it might very well be conceded that she had notice of it, and yet her title would be indefeasible under proof of her plea of adverse possession, unless it was shown that she held in subordination to the complainant's claim of title. On this point the complainant testified that Smith, the husband, on several occasions admitted to him that his wife held the lands subject to his mortgage. Again he is contradicted by Smith. These admissions or declarations by Smith, if made, were not binding upon his wife, not shown to have been made within the scope of his authority as her agent. However, on this point we are prepared to give credence to Smith's testimony, for the reason that he is strongly corroborated by the recitals of a deed executed by his wife to the complainant on the 28th day of March, 1887, in which she conveyed to the complainant all the coal, iron and other minerals on the land in controversy for a valuable consideration. The acceptance by him from her of this deed about the time he says Smith was making acknowledgments to him of his superior title to the lands and the payment by him to her for privileges and rights to be exercised by him upon his own lands, is not compatible with his testimony.

So, then, Mrs. Smith's title was an absolute one and superior to the claim of the complainant when viewed from either standpoint. There is no error in the record and the decree of the court below is affirmed.

Affirmed.