# Patterson *v.* Irvin.

## *Action of Trover.*

1. *Agency; when notice to agent not notice to principal.*—When information is given to an agent upon a casual occasion, when no act or transaction of the agency is pending, and the occasion has no reference to the principal or to his business, such information to the agent is not notice to the plaintiff of the existence of the fact about which it is given.

2. *Action of trover; priority of mortgage.*—Where in an action of trover, the plaintiff claims under a mortgage which was duly recorded, and which was given to secure the repayment of a debt presently contracted, and the defendant claims under a mortgage which was not recorded, and of which the plaintiff had no actual notice, the plaintiff occupies the position as to the defendant of a purchaser for value of the property included in his mortgage, which constitutes a prior lien, and the mortgage given to the defendant, though executed prior to the plaintiff's mortgage, cannot affect plaintiff's right to recover, and the defendant's mortgage is not admissible in evidence.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. N. D. DENSON.

This is an action of Trover brought by the appellee (Irvin) against the appellant (Patterson) originally in Justice Court, for the conversion of one red and white

26c

spotted steer, appealed to the Circuit Court and from a judgment in favor of appellee in that court this appeal is prosecuted.

The evidence, as appears from the bill of exceptions, shows without conflict that on Feb. 3rd, 1900, L. C. Sinclair owned the steer in controversy and was in possession of the same, and that he then lived in Clay County and the property was located in such county; that on that date, and while he so owned and was in possession of such property, he executed the mortgage to appellee set out in the record, the same being made to secure a note for $54.54 of even date payable to appellee Oct. 1, 1900, and also to secure "all the debts heretofore accrued and all other further additional supplies or other goods over and above the amount of said note, advanced by said W. F. Irvin."

The execution of this mortgage was duly proven and the same was duly recorded in the office of the Judge of Probate of Clay County on Feb. 6th, 1900, as shown by the evidence. L. C. Sinclair testified that the note for $54.54 was for money paid by W. F. Irvin at his (witness) request to one Pepper, who was the owner of a note originally executed by witness to Dunham and transferred by Dunham to Pepper, "And that with the $54.54, Irvin paid off the note to Pepper for him;" that Irvin furnished him supplies to make his crop with, and that such supplies together with $30.00 rent for land he rented of Irvin aggregated about $80.00; that he was Irvin's tenant during that year; that the advances were made to him as a tenant; but after the mortgage was executed and the supplies were to be secured by the mortgage; that the $80.00 was over and above the note for $54.54.

The evidence further showed without conflict that the defendant (appellant) had converted such steer and made beef of it; plaintiff claimed title under this mortgage. Suit was brought a short time after the conversion. Defendant (appellant) undertook to assert title under a prior unrecorded mortgage dated at Goodwater, Alabama, November 15th, 1899, purporting to have been executed by L. C. Sinclair to A. K. Patterson to secure an

indebtedness of $10.50 and purporting to convey "one steer yearling about 2 years old, red and white spotted." There was no evidence that such "steer yearling" was the same involved in this suit, or that L. C. Sinclair owned or was in possession of any such "Steer yearling" on the 15th day of November, 1899.

There is also some evidence set out in the bill of exceptions as to the agency of one John R. Irvin, for plaintiff. Subsequently the only testimony as to such agency is that of the plaintiff himself, who testified on cross-examination that John Irvin was his brother and attended to his mercantile business during the year 1900, and took notes and mortgages in connection with such business but did not do so exclusive of him (plaintiff), that he himself frequently took such notes and mortgages, and did most of his trading for papers; that John did some of it, but only when authorized by him; when parties were owing him that John would sometimes take notes for the amount, and sometimes would shave paper for him, but only when he authorized him to do so. It was also shown that John Irvin took the mortgage from Sinclair, under plaintiff's express authority.

The evidence also further showed without conflict that only $2.00 had ever been paid on the note for $54.54 secured by such mortgage. The only assignments of error are as to the court sustaining objections to certain questions, and in excluding the alleged mortgage purporting to have been executed by Sinclair to appellant.

D. H. RIDDLE, for appellant.—The court erred in excluding the evidence as to the agency of John Irvin. One way of showing agency is by showing the conduct of parties towards each other, or holding one out as an agent, and lets in all proof of acts and conduct of parties, whether it bears on the direct issue or not.—*Tenn. River v. Kavinaugh*, 101 Ala. 1; *Reed v. Bank of Mobile*, 70 Ala. 199.

A purchaser to be protected must be a purchaser for value without notice.—*Steiner v. Clisby*, 95 Ala. 91; *Chadwick v. Carson*, 78 Ala. 180. A mortgage given only to secure antecedent debt does not entitle the mortgagee

to protection even in equity.—*Jane & DuPree v. Robinson*, 77 Ala. 499; 4 Mayfield Digest, 229, § 769 and authorities there cited.

WHITSON & DRYER, *contra.*—The existence of a fact can never be proven by evidence of general reputation or notoriety; sometimes after such facts have been proven, such evidence is admissible to charge a person in the neighborhood with notice thereof.—*Woods v. Montevallo Coal Co.*, 84 Ala. 564; *Martin v. Mayer*, 112 Ala. 620. General notoriety or reputation is not admissible in evidence to prove the fact of agency.—*Central R. R. & Banking Company v. Smith*, 76 Ala. 572; *Fanner v. Hall*, 86 Ala. 305; *Blevins v. Pope*, 7 Ala. 371. Whenever a mortgagee contemporaneously with the execution of the mortgage parted with any thing of value, incurred a fixed liability, or submitted to loss or detriment, he is a bona fide purchaser and is protected under the statute.—*Sweeney v. Bixley*, 69 Ala. 540.

McCLELLAN, C. J.—No evidence was adduced or proposed tending to show that John Irvin received any notice as agent of the plaintiff or while engaged in or about any act or transaction of such agency of the mortgage executed by Sinclair to the defendant. To the contrary, while defendant offered evidence to show that he had informed John Irvin of the existence of such mortgage, it was made to affirmatively appear that this information, assuming it to have been given at all, was imparted upon a casual occasion when no act or transaction of the agency was pending and had no reference to the plaintiff nor to his business. This information to John Irvin, therefore, was not notice to the plaintiff of the existence of the mortgage to Patterson, conceding that John Irvin was the agent of W. F. Irvin, the plaintiff, in the most general and comprehensive sense, and that the fact of such general agency was well known in the vicinity. It follows that the rulings of the court upon the admissibility of proposed testimony as to the existence and scope of the agency were wholly immaterial,

[Long v. Mechem.]

the fact of the agency and its character being . itself wholly immaterial.

The mortgage in question was not recorded, and hence plaintiff had no constructive notice of its existence.

The evidence was without conflict to the effect that the plaintiff had no actual notice of this mortgage, when the mortgage from Sinclair to him was executed.

This latter mortgage was not taken to secure an ante-cedent debt owing by Sinclair to the plaintiff, but to se-cure the repayment of money presently paid by plaintiff for Sinclair; and the doctrine that one who takes a mortgage to secure an antecedent debt cannot claim pro-tection from a prior unrecorded mortgage as a *bona fide* purchaser for value, has no application to the cause.

Plaintiff having no notice, actual or constructive, of Patterson's prior mortgage, and sustaining the attitude of a purchaser for value of the property embraced therein, that instrument had no bearing upon his right to recover in this case, and it was properly excluded from the evidence.

Affirmed.

Tyson, Simpson and Anderson, J.J., concur.