# Hall & Brown Woodworking Machine Co. *v.* Haley Furniture & Mfg. Co. *et al.*

## *Detinue.*

### (Decided Nov. 23, 1911, 56 South. 726.)

1. *Detinue; Claimant; Affidavit.*—The affidavit and bond required by the statute of a claimant in detinue are jurisdictional, and cannot be dispensed with, even by the consent of the parties.

2. *Same; Contents.*—Under section 6043, Code 1907, a claimant who does not state in his affidavit the nature of his claim, cannot support his claim by evidence of a mortgage, if it is based on a mortgage, whether overdue, or not, under which the mortgagor has the right of redemption.

3. *Same; Trial; Objection.*—The fact that the claimant failed to allege in his affidavit the nature of his claim as required by statute, was properly raised by objection to the introduction of the mortgage on which the claim was based, and by request for the affirmative charge.

4. *Mortgages; Tender of Debt; Effect.*—A tender of the debt by the mortgagor after the law day, but before seizure of or demand for the chattels covered thereby, has the effect to reinvest the legal title in the mortgagor, at law as well as in equity.

5. *Principal and Agent; Knowledge of Agent.*—Knowledge acquired by an agent before the existence of his agency, or as to matters outside the line of his duty as agent, is not bound to be imputed to his principal, it being necessary in order to bind the latter that such knowleedge be acquired in pursuit of the agency or the transaction of the business of the principal.

6. *Same; Constructive Knowledge.*—The agent being identified with the principal in law, knowledge acquired by the agent in pursuing the business of his principal is constructive notice to the principal, without regard to whether there was actual knowledge or not.

7. *Same.*—The rule charging the principal with notice of facts coming to the knowledge of his agent while transacting his business, is not a rule of evidence, but of substantive law, although actual knowledge of the principal is an evidential fact, hence, it is immaterial that through self-interest it is apparent that the agent will not, in fact, communicate his knowledge to the principal.

8. *Same; Presumptions.*—It being the duty of an agent to inform his principal of every material fact within his knowledge upon the subject of his agency which may affect the interest of his principal, it will be presumed that he has done so; that is not a conclusive presumption, however, and may be rebutted by showing that such information was not present in the agent's mind in executing his agency.

[Hall & Brown Woodworking Machine Co. v. Haley Furniture & Mfg. Co. et al.]

9. *Evidence; Presumption; Continuance.*—It is not a presumption of law that a fact once known is never forgotten.

10. *Corporation; Knowledge of Officer; Imputed to Corporation.*— In a detinue suit where a corporation interposed a claim, evidence that plaintiff had informed a stockholder and director of the claimant corporation that the title to the machinery was in the plaintiff, was admissible, although the corporation had not then been organized, as tending to show actual knowledge of plaintiff's claim by the claimant corporation; holding that the exclusion of such evidence was prejudicial to the plaintiff.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Detinue by the Hall & Brown Woodworking Machine Company against Haley Furniture & Manufacturing Company, in which the Sheffield Trust Company intervened as claimant. Judgment for claimant, and plaintiff appeals. Reversed and remanded.

EMMET O'NEAL, and KIRK, CARMICHAEL & RATHER, for appellant. The failure to comply with the requirements of section 6043, Code 1907, was fatal to the right of claimant to recover.—*Bennett v. McKee,* 144 Ala. 601; *Ivey v. Coston,* 134 Ala. 259. The mortgage was so uncertain in description as to the property as to render parol evidence necessary.—4 Mayf. 212. The only stockholder and managing director of the corporation living in Alabama had notice of the contract before accepting a mortgage, and hence, the corporation was charged with notice of the existence of the contract.—*Lea v. Iron Belt Mcr Co.,* 147 Ala. 421; *Goodbar v. Daniels,* 88 Ala. 583; hence, the court was in error in not submitting to the jury the question of notice to the corporation.

ALMON & ANDREWS, for appellee. The plaintiff may waive defects in the affidavit and bond as it was made for his benefit.—*Rhodes v. Smith,* 56 Ala. 174. The statement of the affidavit can neither enlarge nor nar-

row the issues which the statute requires to be made up under the direction of the court.—*Lehman v. Warren*, 53 Ala. 535. The contract retaining title was not filed within the time prescribed.—Section 1017, Code 1896. The mortgage was on real estate, and the law day had passed, and in a law court the mortgagees were the absolute owners of the fee.—*Love v. Butler*, 129 Ala. 359; Tiedman on Real Property, p. 282-4. Courts of law will not notice equity of redemption, and a conveyance of land by a mortgagee will pass the legal title, although the debt is not assigned.—*Lomb v. Pioneer S. & L. Co.*, 106 Ala. 599; *Fields v. Clayton*, 117 Ala. 542; *Scott v. Ware*, 65 Ala. 182. The description of the mortgage was sufficient.—*Cooper v. Banks*, 99 Ala. 119; *Smith v. Fields*, 79 Ala. 335; *Gaston v. McCord*, 30 South. 431; *Hurt v. Redd*, 64 Ala. 85. Notice to an agent to bind his principal must have been acquired by the agent during his employment.—*Goodbar v. Daniels*, 88 Ala. 590, and authorities cited. Unless within the scope of his authority, declarations or acts of a director does not bind the corporation.—3 Am. Dec. 274; 19 Barb. 310; 4 Conn. 142; 56 Tenn. 455; 24 Wis. 157; 54 Minn. 56; 8 N. Y. Supp. 46; 17 N. Y. Supp. 208.

SOMERVILLE, J.—This is an action of detinue by the appellant against the Haley Furniture & Manufacturing Company, and W. T. Archer, assignee. The appellee duly intervened as claimant of the property sued for, filing his affidavit of claim, and the appropriate issue was made up, and the trial proceeded thereon. The affidavit did not state the nature of the right of the claimant as required by Code, § 6043.

The bill of exceptions sets out all the evidence, but we here state only such portions thereof as are necessary to

illustrate the material question which we are called upon
to consider.

The subject-matter of the suit is a lot of machinery
sold by the plaintiff to said Haley Company in Febru-
ary, 1906, and delivered in April following, except one
item which reached the consignee as late as about June
12th. Only about one-third of the purchase money was
to be paid on delivery, and to secure the payment of the
balance the vendor retained the title and possessory
right in itself until the price of the machinery was fully
paid, as shown by the written contract and notes in evi-
dence. This written contract was filed for record on
August 3, 1906, and in the meantime, on June 18, 1906,
the claimant Sheffield Company (now appellee) loaned
to the defendant Haley Company $6,000, the latter exe-
cuting to the former as security therefor a mortgage
deed conveying certain property in the city of Sheffield
described as "all of block numbered four hundred and
forty-eight (448) together with all buildings and im-
provements thereon, and all machinery and appliances
thereat, together with the appurtenances." It does not
appear that this mortgage has ever been foreclosed.

The tendency of the testimony of the two witnesses,
C. L. Haley and J. J. Challen, introduced by the plain-
tiff, was to show that in the loan transaction of June
18th, in which the Haley Company secured the loan of
$6,000 from the Sheffield Trust Company, the Trust
Company was represented by one J. W. Worthington,
who was a director and stockholder, but not an officer,
in said Trust Company; that said Worthington was at
the same time president of the Sheffield National Bank;
that said witnesses, who were respectively president and
secretary and treasurer of the Haley Company, nego-
tiated with said Worthington in the months of Janu-

13—174

ary, February, March, and April, 1906, for the purpose of getting a loan for the Haley Company; that Worthington promised to get such a loan for them, and stated that he would secure it from a trust company about to be organized; that during these negotiations in January and February it was explained to Worthington that the loan was to be used in the purchase of the machinery in controversy; that the contract of sale between the plaintiff and said Haley Company, one of the terms of which provided for the reservation of the title and right of possession until the purchase money was paid, was exhibited to Worthington and its terms gone over with him, and then left with him for several days for his inspection; that the Sheffield Trust Company was not organized and had no existence until May 26, 1906; and that no conversation with Worthington, nor information to him as to the status of the title to the machinery occurred on or after May 26, nor any later than March, 1906. For the claimant, all of the testimony as to information given him concerning plaintiff's claim to the machinery is vigorously denied by Worthington, as well as any knowledge whatever on his part of such a claim, either before or during his agency.

With respect to statutory claim suits, it has long been settled law in Alabama that the affidavit and bond required of the claimant are jurisdictional, and cannot be dispensed with even by consent of parties, express or implied.—*Mobile Life Insurance Co. v. Teague,* 78 Ala. 147; *House v. West,* 108 Ala. 355, 19 South. 913.

When the claim interposed is based on a mortgage or lien, the statute (section 6043, Code 1907) expressly requires that "the claimant must state in his affidavit the nature of the right which he claims," and the same section further requires that, in case the claim is sustained,

the amount of it, whether due or not, must be ascertained, and the plaintiff may pay to the claimant the amount so ascertained, and of course eliminate him from any "further participation or interest in the proceedings."

From its very nature this requirement is not jurisdictional, but there can be no possible doubt that it is restrictive in its character and purpose, and that a claimant who fails to thus propound the nature of his claim cannot be allowed to support it by evidence of either mortgage or lien.   This conclusion was announced by this court in the case of *Ivey v. Coston,* 134 Ala. 259, 32 South. 664, cited with approval in *Bennett v. McKee,* 144 Ala. 601, 38 South. 129.

The introduction in evidence of the mortgage in support of the claimant's claim was objected to on the ground of its irrelevancy to the issue, and, no foreclosure being shown, the objection should have been sustained. And it necessarily follows from this that the court should have given the general affirmative charge for the plaintiffs as requested.

It is a mistake to assume, as do counsel for appellee in their brief, that by "a claim based on a mortgage" the statute means only a mortgage not overdue.   It cannot be thus restricted.   On the contrary, the statute plainly applies to any mortgage under which there remains to the mortgagor the right of demption; the intent being to give the plaintiff the benefit of such right if it has not been foreclosed.   And, even in a court of law, a tender of the debt by the mortgagor after the law day, if made before seizure of or demand for the chattels, revests the legal title in the mortgagor.—*Maxwell v. Moore,* 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190.

The claimant's affidavit did not state the nature of his claim, and by the omission he renounced the right to

prove any claim based upon a mortgage. The plaintiff met the omission in the only ways open to him, viz., by objection to the introduction of the mortgage, and by request for the affirmative charge. The record presents not merely a defect in the affidavit, but a variance between pleading and proof.

2. On motion of the claimant, the trial court excluded all the testimony of the two witnesses Haley and Challen as to conversations and transactions between them and J. W. Worthington relative to the property sued for, and relative to their negotiations with him for a loan from the claimant company; the ground of objection being, substantially, that any notice to Worthington of plaintiff's claim, before the organization of the claimant company, and hence before his agency for it began, was not notice to the claimant, nor binding on it. The question presented by this ruling is the vital question in the case.

By a long line of decisions, this court is thoroughly committed to the rule that knowledge acquired by an agent prior to his agency, or in regard to matters outside the line of his duty, or while pursuing his own or some other person's business, is not notice to his principal of such fact or facts, and is not binding upon him. —*Mundine v. Pitts,* 14 Ala. 84; *Pepper v. George,* 51 Ala. 195; *Reid v. Bank of Mobile,* 70 Ala. 211; *McCormick v. Joseph,* 83 Ala. 403, 3 South. 796; *Wheeler v. McGuire,* 86 Ala. 398, 5 South. 190, 2 L. R. A. 808; *Goodbar v. Daniel,* 88 Ala. 590, 7 South. 254, 16 Am. St. Rep. 76; *Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 135, 149, 18 South. 565, 56 Am. St. Rep. 26; *Central of Ga. Ry. Co. v. Joseph,* 125 Ala. 313, 28 South. 35; *Pearce v. Smith,* 126 Ala. 116, 28 South. 37; *Scotch Lumber Co. v. Sage,* 132 Ala. 598, 32 South. 607, 90 Am. St. Rep. 932; *Patterson*

*v. Irvin*, 142 Ala. 401, 38 South. 121; *Traders' Ins. Co. v. Letcher*, 143 Ala. 410, 39 South. 271.

The fundamental requirement is that such knowledge on the part of an agent to bind his principal "must be limited to such knowledge or information as comes to the agent in transacting the business of his principal." —*Central of Ga. Ry. Co. v. Joseph*, 125 Ala. 319, 28 South. 37. This is a simple rule, easy of application, and just in its results.

Where the agent's knowledge is of this character, it is constructive notice to the principal entirely regardless of the principal's actual knowledge.—*Wiley v. Knight*, 27 Ala. 346. This is usually explained by saying that the law conclusively presumes that the agent has in fact communicated his knowledge to his principal. We think, however, that the better and more logical explanation is that with respect to the given transaction the agent is in law identified with his principal; that knowledge that comes to the agent, while acting in such matter for his principal, would have come to the principal had he been acting for himself; and that, as a rule of policy and justice, he must be equally charged therewith.—*Sooy v. State*, 41 N. J. Law, 395; *Houseman v. Girard Ass'n,* 81 Pa. 256-262.

But on either theory, the rule is not a rule of evidence merely, as is sometimes declared, but a rule of substantive law.

The Alabama rule, as above defined, is not in accord with the weight of authority in other jurisdictions, as pointed out by Mr. Freeman, in his valuable note to *Trenton v. Pothen*, 46 Minn. 298, 49 N. W. 129, 24 Am. St. Rep. 228-233, where the cases on both sides are collected and discussed; and as shown by Mr. Pomeroy in his third edition of Equity Jurisprudence (volume 2, §

672, and notes). It appears from these authorities that
the more generally accepted rule is that the agent's
knowledge, though acquired previously to his agency,
if retained by him and carried with him into the subse-
quent business which he transacts for his new principal,
is notice to the latter whether communicated to him or
not.

This rule we regard as both illogical and unjust—a
criticism which is fully vindicated by a consideration
of the numerous and unpractical qualifications and ex-
ceptions which courts expounding the rule have been
compelled to adopt. In this connection we note Mr.
Pomeroy's observation that "several of the ablest Eng-
lish judges have, in recent cases, expressed a decided
opinion against the rule itself, and while considering
themselves bound by it, as far as it is settled, have
wished that it should be abrogated by the Legislature."
—2 Pom. Ep. Jur. (3d Ed. § 672, note 1.

We adhere to the rule as settled by our own cases
cited above.

3. There are statements in the opinion in the case of
*Lea v. I. B. Mercantile Co.*, 147 Ala. 421, 42 South. 415,
8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93, which we
cannot reconcile with our view of the law as settled by
our previous cases, and which require qualification. In
that case it was held that, where the alleged agent was
in fact the sole manager and controller of a corporation
at his will, and its sole stockholder but one—the latter
being a non-resident—where, in fact, he was not only
the alter ego, but in effect the corporation itself, and
where he acted in a single transaction for himself and
the corporation, his knowledge acquired previous to his
agency was notice to the corporation and binding upon
it. As was well said, per Tyson, J.: "It could be

nothing but the sheerest nonsense to say that as agent he should communicate the knowledge to himself as the managing representative of his corporation. Since the corporation could acquire notice in no other way than by and through its managing head or officer, it will scarcely be doubted that notice to such officer is of necessity notice to it." Herein is found the chief reason for the conclusion of the court, in which we fully concur.

But the opinion goes further and lays down the rule that the agent's previously acquired knowledge will be constructive notice to the principal, if recently acquired in a connected transaction, or if of such precise and definite character as that it must be presumed to remain present in his mind and memory during the last transaction. This rule, as there stated, is a quotation from 2 Pom. Eq. Jur. (3d Ed.) § 672, to which we have already referred. It is sought to be justified as a mere exception to the general rule conceded to exist in Alabama, and is declared to be in harmony therewith; and cases are cited as illustrative of and supporting this exceptional rule, viz., *Wiley v. Knight,* 27 Ala. 336, 346; *City Nat. Bank v. Jeffries,* 73 Ala. 183; *White v. King,* 53 Ala. 162; and *Dunklin v. Harvey,* 56 Ala. 177. It is sufficient to say of the first two of these cases that they merely lay down the general rule that notice to an agent, with respect to a matter as to which he is *then* serving as agent, is notice to the principal; such being unmistakably the fact in each case. It was said, it is true, in *Wiley v. Knight,* that "the principal knows whatever the agent knows"; but, taken literally and absolutely, this is a patent fallacy, and the court could only have meant to include knowledge acquired while and as agent.

In *White v. King* and *Dunklin v. Harvey,* though not expressly stated, it is to be inferred from the record that the knowledge of the agent which was held as constructive notice to his principal was acquired by the agent prior to his service as such. Both were chancery cases, and, on the pleadings and proof, the knowledge of the agent was properly if not necessarily imputed to his principal by *implication,* as we shall presently explain. But the theory of *constructive* notice was applied, inadvertently, we think, since the distinction as to the time of the agent's acquisition of the knowledge was not mooted, and was evidently not in the mind of the court, and no reference was made in *White v. King* to the earlier case of *Mundine v. Pitts,* 14 Ala. 84, 90, where the limitation is plainly declared; while in *Harvey v. Dunklin* the case of *Mundine v. Pitts* is actually cited as authority. Moreover, Judge Stone, who wrote the opinion in *Harvey v. Dunklin, afterwards declared,* in *McCormick v. Joseph,* 83 Ala. 403, 3 South. 797, that: "Notice or knowledge by an attorney, to carry home constructive notice to the client, must be shown to have been given or acquired after the relation of attorney and client was formed. It is not enough that the notice is first and the retainer afterwards.

4.   It is clear, also, that the notion of a general and special rule consisting harmoniously in our decisions, as stated in *Lea v. I. B. Mercantile Co.,* cannot be sustained, for the cases themselves expressly repudiate it. In *Wheeler v. McGuire,* 86 Ala. 406, 5 South. 193; 2 L. R. A. 808, it was said, per Clopton, J.: "Many cases hold that notice to an agent is notice to his principal, though acquired before the relation is created, if present in his mind at the time of the particular transaction, and he cannot communicate it or act upon it, without

violating a legal (or) moral duty. It was, however, early
settled in this state that knowledge of an agent, to oper-
ate as constructive notice to the principal, must have
been acquired after the relation of principal and agent
was formed. This rule having been followed ever since,
whatever might be our opinion were it an open question,
it would not be prudent to disturb it now.—*Mundine v.
Pitts,* 14 Ala. 84; *McCormick v. Joseph,* 83 Ala. 401 (3
South. 796) ; *Frenkel v. Hudson,* 82 Ala. 158 (2 South.
758; 60 Am. Rep. 736.)"

And, again in *Goodbar v. Daniel,* 88 Ala. 590, 7 South.
257; 16 Am. St. Rep. 76, it was said, per H. M. Somer-
ville, J.: "There are cases which hold to the doctrine
that knowledge of a material fact acquired by an agent
in a former transaction, comparatively recent in point
of time, such as he is bound to communicate, if present
in his mind and memory while engaged in a second
transaction, shall operate as constructive notice to his
principal in the second transaction.—2 Pom. Eq. Jur.
(1st Ed.) § 672. But there is a long line of decisions
in this state which adopt the rule that notice to an
agent, to bind his principal, must have been acquired by
the agent during his employment, i. e., while he is
actually engaged in the prosecution of his duties as
agent, and not at a time antecedent to the period of his
agency"—citing a number of the cases.

The emphasis is unmistakable, for in *Mundine v. Pitts*
the agent's knowledge was acquired only a few days be-
forehand; in *McCormick v. Joseph* only a week before-
hand; and in *C. of Ga. Ry. v. Joseph* it was acquired
only a *few moments* beforehand.

It will sufficiently appear from the foregoing review
of our decisions that the new doctrine (to this state)
found in *Lea v. I. B. Mercantile Co.,* 147 Ala. 421, 42

South. 415, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93, founded on the text of Mr. Pomeroy and other authorities, is a departure from the established rule of our decisions, and must therefore be disapproved and rejected. It follows, also, that the cases of *White v. King,* 53 Ala. 162, and *Dunklin v. Harvey,* 56 Ala. 177, are erroneous in their application of the theory of constructive notice to the facts there involved, and must be qualified to that extent.

5.  Constructive notice to the principal through the actual knowledge of the agent is not a rule of evidence, but one of substantive law. Given notice to or knowledge of the agent, received while so acting, and the principal is conclusively bound by it; not because he ever knows it in fact, because his actual knowledge is utterly immaterial, but because as to the thing the agent is doing the agent is in law the principal, and the principal is in law the agent. Their legal identify is complete. Nor can it matter, in this aspect of the rule, whether the agent has or has not, private reasons or interests which make it unlikely or even certain that he will not inform his principal, as correctly ruled in *First Nat. Bank v. Allen,* 100 Ala. 476, 14 South. 335; 27 L. R. A. 426, 46 Am. St. Rep. 80.

On the other hand, the *actual* knowledge of the principal, when material, may be proved like any other fact. It is the duty of an agent to inform his principal of every material fact within his knowledge, no matter when acquired, bearing upon the subject-matter of his agency, which may affect the interests of his principal with respect thereto; and it will be presumed that he has discharged this duty.—*The Distilled Spirits,* 11 Wall, 367, 20 L. Ed. 167. Here we have a true rule of evidence, a presumption of law that a duty has been discharged,

from which follows the further presumption that the
principal has acquired the knowledge of his agent. But
this presumption like others of a similar nature, is dis-
putable, and not conclusive. Unless rebutted, it is suf-
ficient to fasten upon the principal, not an unreal *con-
structive* notice which is incontestable, but simply an
*implied actual* notice which is contestable. A failure to
distinguish between these entirely distinct principles
has, in our judgment, produced most of the confusion
and contrariety of judicial opinion which seems to have
always attended the consideration of this subject by the
courts. See the cases cited in 31 Cyc. 1594, note 50.

This doctrine of implied actual notice will serve to
justify, if not to explain, the rulings found in *White v.
King* and *Dunklin v. Harvey, supra.*

6. The rule of implied notice, as above stated, unless
there is direct evidence showing that the imputed knowl-
edge was present in the agent's mind during his agency,
must obviously depend upon the interior presumption
of fact that the knowledge in question has thus persisted
in his memory, so as to be available for communication
seasonably to his principal.

The law does not presume that a fact once known is
never forgotten, for this is contrary to all human experi-
ence. Nor is the remoteness or lateness of its acquisi-
tion as knowledge by the agent in all cases the most im-
portant consideration, for all experience teaches that
much that we learned in the remote past ineradicably
persists in our memories, while unimportant events of
yesterday have been already forgotten. This particular
issue then rests in inference, and is for the jury to de-
termine.

If the jury find that the knowledge was present in the
agent's mind during the execution of the agency, then

they must find as matter of law that the principal was duly informed, unless they are reasonably satisfied to the contrary from other evidence before them. We do not mean to say that the agent's prior knowledge may not be so remote in point of time, or so lacking in clearness or apparent importance, as to justify the trial court in presuming, prima facie that it has been forgotten. This seems to have been the view taken in *Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26.

7. There is no testimony shown by the bill of exceptions which can support a finding that Worthington was the alter ego of the claimant corporation in such sense and degree as to bring this case within the influence of the decision in *Lea v. I. B. Mercantile Co., supra.*

8. The information acquired by Worthington from the witnesses Haley and Challen, being acquired prior to the period of his agency for claimant, did not operate as constructive notice to it.

9. But their testimony in this regard was admissible in evidence for the purpose of showing actual knowledge of plaintiff's claim on the part of the claimant corporation, under the principles above declared; and its exclusion was error prejudicial to appellant.

Other assignments of error need not be noticed, as the questions presented will hardly recur upon another trial.

Reversed and remanded. All of the Justices concur, except DOWDELL, C. J., not sitting.