(103 So. 588)

## DRENNEN CO. DEPARTMENT STORES v. BROWN. (6 Div. 347.)

(Supreme Court of Alabama. March 19, 1925.)

1. Execution ⬅184—Claimant has no right to support claim by evidence of mortgage and note not set up in affidavit.

Under Code 1923, § 10379, on trial of right of property on which execution was levied, claimant, who made no reference in affidavit to any mortgage or nature of right claimed, could not support his claim by evidence of mortgage and note.

2. Execution ⬅184—Statute held not avoided because claimant foreclosed mortgage after institution of claim suit.

Code 1923, § 10379, providing that, when claim interposed (in trial of right of property) is based on a mortgage or lien, claimant must state in his affidavit nature of right which he claims, held applicable, though claimant foreclosed his mortgage after institution of his claim suit, since status of title is determined as of date of institution of claim suit.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Trial of the right of property between the Drennen Company Department Stores, as plaintiff in execution, against W. P. Elrod, defendant, and L. H. Brown, as claimant of the property levied on. Judgment for claimant, and plaintiff appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Reversed and remanded.

Plaintiff made out a prima facie case by showing that its execution issued on a valid judgment, duly recorded on August 30, 1920, was duly levied on the property in question, which was in the possession of the defendant in execution. Thereupon the claimant offered in evidence a note and mortgage given by the defendant to G. W. Darden, on August 27, 1912, to secure $319.58, with an indorsement transferring them to claimant as to the balance due of $211.04, purporting to be signed: "G. W. Darden. Nov. 14, 1919." The defendant, Elrod, testified that he executed the mortgage, but no proof was offered of the fact of transfer. Plaintiff objected to the note and mortgage as being incompetent, irrelevant, and illegal, and objected to the transfer of the mortgage, because it was not self-proving. These objections were overruled.

Claimant claimed, also, under another mortgage, set out in the bill of exceptions, executed by defendant to claimant on March 21, 1918, covering the same property, securing a debt of $339.98. This mortgage does not appear to have been recorded. Claimant filed his affidavit and claim bond on October 28, 1922, claiming "to own the title, or a lien paramount to the right, title, or interest in the following property," etc. No

---

reference is made in the affidavit to any mortgage, and nothing is said as to the nature of the right claimed.

Claimant testified that he took possession of the property after he had filed this claim, and thereupon proceeded to foreclose both of the mortgages, himself becoming the purchaser. The trial court rendered judgment for the claimant, and plaintiff appeals.

Ward, Nash & Fendley, of Oneonta, for appellant.

When a claim is based on a mortgage or lien, the claimant must state in his affidavit the nature of the right he claims, failing which he must be cast in suit. Code 1923, § 10379. The transfer of a mortgage, which transfer is not recorded, is not self-proving. Code 1923, § 6861.

Russell & Johnson, of Oneonta, for appellee.

The claim affidavit states that claimant claims title to or a paramount lien on the property; the claim by paramount lien includes a mortgage. Mobile B. & L. Ass'n v. Robertson, 65 Ala. 382; Donald & Co. v. Hewitt, 33 Ala. 534, 73 Am. Dec. 431; 17 R. C. L. 596; 5 Words and Phrases, 4144. The transfer appearing on the mortgage is itself admissible of the transfer. Wells v. Cody, 112 Ala. 278, 20 So. 381; Strickland v. Lesesne, 160 Ala. 213, 49 So. 233; 5 C. J. 903. Both mortgages having been foreclosed, and legal title having passed to claimant at the time of the trial, the nature of claimant's title was absolute and undefeasible. 11 C. J. 712; Hardison v. Plummer, 152 Ala. 619, 44 So. 591.

SOMERVILLE, J. [1] Section 10379, Code of 1923, provides that:

"When the claim interposed [in trial of right of property] is based on a mortgage or lien the claimant must state in his affidavit the nature of the right which he claims."

In Hall, etc., Co. v. Haley, etc., Co., 174 Ala. 190, 195, 56 So. 726, 728 (L. R. A. 1918B, 924) we said:

"A claimant who fails to thus propound the nature of his claim cannot be allowed to support it by evidence of either mortgage or lien. This conclusion was announced by this Court in the case of Ivey v. Coston, 134 Ala. 259, 32 South. 664, cited with approval in Bennett v. McKee, 144 Ala. 601, 38 South. 129. The introduction in evidence of the mortgage in support of the claimant's claim was objected to on the ground of its irrelevancy to the issue, and, no foreclosure being shown, the objection should have been sustained."

[2] Counsel for appellee conceive that the operation of the statute is avoided in this case by reason of the fact that the claimant effected a foreclosure of his mortgages after the institution of his claim suit. This theory is entirely erroneous. The status of the title, for every purpose of this claim suit, must remain what it was at the date of its institution, which of course relates back to the date of the levy of the execution. So far as the plaintiff in execution was concerned, the foreclosure was impotent and ineffective, and could not affect in any way or degree his rights as contesting plaintiff. When the claimant instituted his claim suit by filing his affidavit and bond, he was a mortgagee merely, and he remained subject to the statutory requirement above referred to.

The trial court erred in overruling the objection to the mortgage and note, and for that error the judgment must be reversed. We would infer from the bill of exceptions that the other mortgage, referred to in the reporter's statement of the case, was placed in evidence; but, as the cause must be tried again, we need not consider any questions relating to that mortgage.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.