152 So. 260

## INTERNATIONAL SHOE CO. v. DODD.

### 6 Div. 488.

Court of Appeals of Alabama.

Nov. 7, 1933.

Rehearing Denied Dec. 19, 1933.

Monette & Taylor, of Birmingham, for appellant.

Davis & Curtis, of Jasper, for appellee.

RICE, Judge.

Appellee, a merchant, operated a store of which his son, Chesley Dodd, was "general manager and managed everything."

Chesley Dodd went away some time in September, 1930, and was gone until some time in April, 1931. About the latter part of September or the first part of October, 1930, a shipment of shoes, etc., arrived at appellee's destination on the railroad consigned to him by appellant. Appellee at first refused to accept the shipment; wrote appellant, stating in effect his surprise that his son, above, had ordered so many shoes, and that he knew he could never pay for same, etc., adding, however, that he was willing to accept a part of the shipment, etc.

Appellant wrote appellee in reply to the above letter, lecturing him, somewhat, and iterating that the shoes, etc., had been regularly ordered, etc., and that now they must be accepted and paid for, etc.

Appellee thereupon received and accepted the shipment; and proceeded to put the shoes, etc., in his store, and sell them in the regular course of his business. He admitted the amount, etc., of the bill rendered; and the quality, etc., of the shoes, etc., as represented. In fact, no further objection, etc., was heard from appellee until some time after his store and stock of goods had been destroyed by fire.

After the receipt, etc., of the above shipment, etc., appellee made three payments of $100 each on the account, etc.; one payment in November, 1930, one in December, 1930, and one in January, 1931.

His store burned a few days after the payment in January, 1931. He immediately thereafter wrote appellant, offering to give his note for the balance due, etc., stating that he had ample insurance, etc., and that he would pay the balance just as soon as he could collect the insurance; etc.

Appellant replied that it preferred to leave the account as it was, but, in effect, that it would expect payment of the balance as soon as the insurance was collected, etc.

It is clear that the shoes, etc.—some of which were in the store in the original packages, but some of which had been opened, and sold—were included as a part of appellee's stock, etc., in his settlement with the fire insurance company; and that he received pay, in said settlement, for said shoes, etc., exactly in the same way that he received pay, etc., for his other goods which were destroyed by the fire, etc.

Settlement with the insurance company was delayed somewhat; and before appellee had received his money, etc., and had paid the balance due appellant, his son, Chesley Dodd, returned—some time in April, 1931. Whereupon, Chesley Dodd stating that he had never ordered, etc., said shoes, etc., appellee refused, and has ever since refused, to make any further payment on the account, etc., of appellant.

This suit followed.

 We are of the opinion, and hold, that the trial court was in error in refusing to give to the jury at appellant's request the general affirmative charge to find in its favor.

Whatever might be said of the several questions of law involved, but which we seem not properly called upon to discuss, it is sufficient to say, in support of the conclusion we have reached, that appellee was in no wise shown to be damaged or injured by any of the matters which he seeks to set up as a defense to the action. He admits that the goods were received and accepted; that the account as rendered was correct; that his sole objection to paying the balance, etc., of appellant's account was the fact that he had been tricked, etc., into accepting the goods.

Even so—which we do not admit is shown to be true—as a matter of fact, and law (see Hall & Brown Woodworking Machine Co. v.

Haley Fur. & Mfg. Co. et al., 174 Ala. 190, 56 So. 726. L. R. A. 1918B, 924, sixth and seventh headnotes in the report in 174 Ala.), where is there shown any damage, injury, etc., to appellee? Manifestly, nowhere.

He made exactly the same use, etc., of the shoes, etc.; received exactly the same value, etc., in them, and *for them*, as he would have received had the order, etc., for them been given, etc., as appellant contends.

Regardless of other considerations, the cases hold that actions on the common counts (as this) lie whenever one person has money, etc., which ex æquo et bono belongs to another. This is such a case.

Appellee received and made use of, sold— or lost—and was paid for, the shoes, etc., the basis of the claim sued on.

He should be required to pay to appellant the reasonable value of same.

The judgment is reversed, and the cause remanded.

Reversed and remanded.