163 So. 654

## VEST v. FIRST JOINT STOCK LAND BANK.

### 8 Div. 664.

Supreme Court of Alabama.
Oct. 17, 1935.

S. A. Lynne, of Decatur, for appellant.

Norman W. Harris, of Decatur, for appellee.

BROWN, Justice.

This appeal is by the claimant from a judgment in favor of the plaintiff on the trial of the right of property in two bales of cotton seized under a writ of attachment issued at the instance of the landlord against its tenant for the enforcement of the lien for rent provided for by section 8799 of the Code 1923.

The attachment was levied on the cotton in the possession of the claimant, after its removal from the rented premises by the tenant.

After the levy, the claimant interposed his claim as authorized by section 10375 of the Code, 1923, stating in his affidavit "that he claims to own the title, or lien paramount to the right, title or interest in the following property, viz.: Two bales of lint cotton #328 weighing 487 pounds and #574, weighing 472 pounds."

The evidence was without dispute that the cotton in controversy was raised by Sandlin on the "Kilpatrick farm during the year 1933," which he rented from the plaintiff, executing a note on December 21, 1932, for the rent for the year 1933. The note bearing date "12/17/32" for $100 shows on its face that it was given for the rent of said farm for the year 1933, payable on or before the 15th of October, 1933. The note was allowed in evidence over the claimant's objection. The evidence is further without dispute that the rent had not been paid. The evidence as to the weights and the value of the cotton was without dispute.

The claimant admitted that he took the two bales of cotton "under the mortgage that he had" after the cotton was ginned at claimant's gin, and it was admitted "that the mortgage is valid." The first bale was left with claimant by the tenant on October 1, 1933, and the other was carried to the gin in the seed a week later.

The claimant offered to show by Sandlin, the tenant, that he tendered to the agent of the plaintiff hay and corn raised on the rented premises, in payment of the rent. The court, on plaintiff's objection, rejected this testimony.

The claimant also offered to show that he furnished the tenant Sandlin goods and merchandise to aid him in making a crop during the year 1933; that his mortgage had not been paid other than by taking said two bales of cotton. This evidence

was rejected by the court on plaintiff's objection thereto.

The claimant also offered to show that claimant ginned the cotton and furnished the bagging and ties therefor; that the ginning charges had not been paid, and the amount thereof. This testimony was rejected by the court on plaintiff's objection.

At the conclusion of the evidence, the court, through the affirmative charge in plaintiff's favor, requested in writing, directed a verdict for the plaintiff.

■ The law is settled that the claimant, on the trial of the right of property, cannot question mere irregularities in the attachment proceedings. He is limited to showing that the plaintiff's writ is void. Jackson v. Bain, 74 Ala. 328.

■ It is also settled that the claimant is not a party to the attachment proceedings, and cannot question the sufficiency of the plaintiff's complaint in that suit, and therefore has no right to object to the amendment of the complaint in the attachment proceedings. Loveman, Joseph & Loeb v. Foster, 227 Ala. 385, 150 So. 170; Brothers et al. v. Russell & Duke et al., 195 Ala. 643, 71 So. 450.

■■ The rent note, in connection with the testimony of Sandlin that the cotton was grown by him during the year 1933, on the premises rented from the plaintiff, and that the rent had not been paid, was properly received in evidence, and this evidence made a prima facie case for the plaintiff, shifting to the claimant the burden of showing, under the claim interposed, that he was a purchaser for value after the cotton was removed from the rented premises. Lomax v. Le Grand & Co., 60 Ala. 537; Brothers et al. v. Russell & Duke et al., supra; Waite, LaFils & Co. v. Corbin, 109 Ala. 154, 19 So. 505.

■ The claim affidavit did not meet the requirements of section 10379 of the Code, and a claim based on a mortgage or lien was inefficacious to support the claim. Drennen Co. Department Stores v. Brown, 212 Ala. 524, 103 So. 588; Hall & Brown Woodworking Machine Co. v. Haley Furniture & Mfg. Co. et al., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; Bennett, Adm'x, v. McKee, 144 Ala. 601, 38 So. 129. Therefore the affirmative charge was properly given at plaintiff's request.

■ On the authorities above cited, and for the reasons stated, the court's rulings in the rejection of evidence were free from error.

■ The judgment substantially follows the language of section 10376, prescribing the form and substance of the issue, and section 10377, prescribing the substance and form of the judgment in such cases. It does not, as did the judgment in Townsend v. Brooks, 76 Ala. 308, condemn the property to the satisfaction of plaintiff's debt, but declares that the property "is the property of Ben Sandlin, the defendant in the writ of attachment issued in this cause, and is subject to and liable to the satisfaction of said writ of attachment."

The proceedings and judgment of the circuit court are free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.