# Keyser v. Maas & Schwarz.

## Statutory Trial of the Right of Property.

1. *Intervention of third party in detinue suit; construction of statute.* Under the provisions of the statute, approved February 26, 1889, (Acts 1888–89, p. 57), allowing a stranger to interpose a claim to property sued for in an action of detinue, there must be a separate contestation between the plaintiff in the detinue suit and the claimant, and the proceedings in such controversy must be of the same character and conducted as are the proceedings in a statutory trial of the right to personal property levied on under execution and claimed by a stranger to the process.

2. *Same; issue; burden of proof; province of the court.*—Upon the intervention of a claim in a detinue suit under the statute (Acts 1888–89, p. 57), it is not within the province of the court to frame or direct the issue which is to be formed between the plaintiff and the intervening claimant, since the law declares that the issue must correspond to the issue framed in the statutory trial of the right to personal property levied on under an execution; but if there is a controversy as to whether the proper issue has been formed, the court has the power to decide whether the issue so tendered or formed corresponds to the law; and in framing such issue the plaintiff must allege that he has the legal title to the property and the right of immediate possession, the burden of proving which is upon him; while the claimant relies upon the strength of his own title, and not the weakness of that the plaintiff may assert.

3. *Mortgage of unplanted crop; effect of statute as to passage of title.*—Under the provision of the act approved February 23, 1889 (Acts 1888–89, p. 45), a mortgage of an unplanted crop, if executed on or after the first day of January of that current year, passes the legal title to the mortgagee from the moment of its execution, as if it were a mortgage of a crop planted; and it is not necessary, after the crop comes into existence, that the mortgagor should perform any new act affirmatory of the mortgage for the purpose of effectuating it.

4. *Same; title of mortgagee to crops mortgaged; tenants in common.*—An agreement between the owner or a tenant of lands and a third

[Keyser v. Maas & Schwarz.]

party, by which the former is to furnish land on which a crop is to be grown, and the latter is to superintend the crop and to furnish the labor to produce it, the crop to be divided beween them, creates between them the relation of tenants in common of the crop; and a mortgage of the crop by one of such tenants in common passes to the mortgagee no other or greater interest than that which resided in the mortgagor.

5. *Statutory claim of tenant in common; irrelevant evidence.*—Where in an action of detinue against the tenant in common, for cotton raised under a contract of co-tenancy, the defendant's co-tenant interposes a claim to said cotton, claiming that the cotton in controversy had been set apart as a part of the claimant's share of the common crop, the material inquiry in such case is as to the existence and severance of the relation of tenancy in common, and evidence not aiding in the solution of this inquiry, is irrelevant; as for instance, a declaration made by the claimant to a third party that if the defendant in the detinue suit "had taken his advice there would not have been a lint of cotton left."


APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The appellees, Maas & Schwarz, brought an action of detinue against John W. Grant and R. A Lee in the circuit court of Butler county, to recover seven bales of cotton. Subsequent to the institution of this suit, John J. Keyser, the appellant, made affidavit and gave bond, and interposed his claim for the seven bales of cotton, as provided for under the statute, (Acts 1888–89, pp. 57-58).

On the trial of this cause, as is recited in the bill of exceptions, "The issue was made up under the direction of the court in which the plaintiffs allege that the seven bales 'of cotton claimed and the subject of this litigation belong to and was their property, and after the plaintiff makes out a *prima facie* case, then the burden is shifted upon the claimant to show the property belongs to him." The claimant objected to this statement of the issue by the court, and duly excepted to the courts overruling his objection.

The plaintiff then offered in evidence a mortgage executed by P. Keyser, dated the 20th day of January, 1892, in which the crop of said P. Keyser for the year 1892 was conveyed to the plaintiffs. Plaintiffs further showed that the seven bales of cotton were raised on the places owned or rented by the said P. Keyser. It was

shown by the testimony of Phillip Keyser, who was introduced by the claimant as a witness, that the said Phillip Keyser made the mortgage in evidence to the plaintiffs in 1892; that he is the brother of J. J. Keyser, the claimant, that they worked together in the farming business in the year 1892, on the Watson place, Givens place, Compton place, and a part of the Keyser place; that the contract between them was, that Phillip Keyser was to furnish the lands, or pay for the rent of same; and that John J. Keyser, the claimant, was to superintend the farming business, and furnish the service of himself and two sons; and that said John J. Keyser and Phillip Keyser were then to divide the crops equally after all the expenses were paid for making the same; that John J. Keyser got eighteen bales of cotton out of the farming operation and turned the same over to the plaintiffs; that the seven bales of cotton, the subject of this suit, was raised by Keyser brothers during the year 1892, with other cotton, that seven bales of cotton was divided, and turned over to the claimant, John J. Keyser before the plaintiff set up any claim to it; and that after it was made, Phillip Keyser's part of the joint crop was received by him.

The ruling of the court upon the evidence, to which exception was reserved, is stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiffs, gave the general affirmitive charge in their behalf; and to the giving of this charge the claimant duly accepted. There were verdict and judgment for the plaintiffs. The claimant appeals, and assigns as error the rulings of the court to which exceptions were reserved.

GAMBLE & POWELL, for appellants.—The real and only issue in this case was, whether or not the property belonged to the plaintiffs in detinue, and the burden was on the plaintiffs to show that the cotton was their property.— *Shahan v. Herzberg*, 73 Ala. 59.

The mortgage shows that it was made on the 20th day of January 1892, and it is within the judicial knowledge of the court that cotton is not planted by the 20th of January. And even after this objection was made to the mortgage as evidence, the plaintiff did not attempt to show that the crop was planted January 20,

1892, or that anything was done or said either by J. J. Keyser or Phillip Keyser after the crop was planted to vest title in the crop in plaintiff, hence the mortgage was insufficient without more, to authorize the plaintiffs to recover in this case.—*Grant v. Steiner*, 65 Ala. 499 ; 3 Brick. Dig. 307, § 12, and authorities cited therein.

The mortage under the facts in the record did not convey any cotton which belonged to J. J. Keyser.—*Collins v. Faulk*, 69 Ala. 58 ; *Holcombe v. State*, 69 Ala. 218 ; *McCall v. State*, 69 Ala. 227.

J C. RICHARDSON and C. E. HAMILTON, *contra.*—This being a suit of detinue, and the interposition of a claim to the rights of property as provided in the Acts of 1888 and 1889, does not change the rules in governing the trials of rights of property in other cases. The act itself provides that the same proceedings must be had as in other trials of the right of property. The issue made up under the direction of the court was proper, the rule of law being in the trial of right of property that the burden of proof is on the plaintiff in the action to show that he either has a legal or an equitable title to the property in dispute, and when a *prima facie* cause is shown by the evidence offered by the plaintiff, then the burden of proof shifts from the plaintiff to the claimant, who must show his right to the property.—*Shahan v. Herzberg*, 73 Ala. 59 ; *Jackson v. Bain*, 74 Ala. 328 ; Code of 1886, §§ 3004, 3007.

When a mortgage is given on a crop not planted, if after the crop comes into existence, the mortgagor should do any new act, as by the delivery of the crop, or any portion thereof, then the legal title attaches, and the mortgage becomes a valid legal conveyance.—*Hurst v. Bell*, 72 Ala. 336 ; *Columbus I. Works v. Renfro*, 71 Ala. 579 ; *Gafford v. Stearns*, 51 Ala. 434.

Taking the testimony offered by the claimant, it shows that Phillip Keyser was to furnish the land, and that J. J. Keyser, the claimant, was to superintend the same, and was to furnish the services of himself and two sons, and then J. J. Keyser, the claimant, and Phillip Keyser were to divide the crops equally, after all the expenses were paid, which contract as shown by the evidence, creates the relation of landlord and tenant or agricultural superintendent between John J. Keyser and Phillip

Keyser, and makes the seven bales of cotton in controversy subject to the mortgage of Phillip Keyser.—Code of 1886, §§ 3064, 3078; *Collier v. Faulk*, 69 Ala. 58.

BRICKELL, C. J.—The statute (Pamph. Acts, 1888-89, pp. 57-8), under which the appellant intervenes, as claimant of seven bales of cotton, the subject of a pending action of detinue, the appellees have instituted against Lee & Grant, required the appellant to make affidavit and execute bond, as is "required by law in cases of trials of right of property, when levied on by writ of *fieri facias*." The making of the affidavit and the execution of the bond, entitled the appellant to the posession of the cotton, and it became the duty of the sheriff to return to the court in which the action of detinue was pending, the summons, affidavit and bond "upon which the same proceedings must be had as in other trials of the right of property." Without now venturing upon a general construction of the statute, or inquiring what becomes of the action as between the original parties; or what course of proceeding must be observed, or what judgment may be rendered as between them, contrary to our first impression, we are now satisfied, it is contemplated, that there shall be a distinct, separate contestation or controversy, between the plaintiffs in the action and the intervening claimant, and the proceedings in the controversy must be assimilated to and conducted as are the proceedings in the statutory trial of the right to personal property levied on by execution, and claimed by a stranger to the process. The statutes authorizing and regulating that proceeding provide, that an issue must be made up between the plaintiff in execution and the claimant, "in which the former must allege that the property claimed is the property of the defendant in execution and is liable to its satisfaction;" the allegation is of itself a negation of the right of the claimant; and it is affirmative, as well as negative, and if the statute had not so declared, necessarily, would have cast the burden of proof on the the plaintiff in execution.—Code, § 3004-7. When there is intervention under the statute, in an action of detinue, there must be a corresponding issue framed—the plaintiff must allege that he has the legal title to the property, the subject of the action, and the right of

[Keyser v. Maas & Schwarz.]

immediate possession; this is essential to support an action of detinue. The allegation is affirmative, and a negation of the truth of the claim of the claimant.

As the plaintiff has the affirmative of the issue, the burden of proof will rest on him. The claimant may give all evidence in support of his claim which has a tendency to support it. In the statutory trial of the right of property, the claimant is not permitted to show that the right and title to the property levied on is in any other person than himself; without connecting his title or possession with an outstanding title, however superior it may be, he is limited to the proof of his own title.—3 Brick. Dig. 776, § 5; 2 Brick. Dig. 480, § 67. As upon the intervention, the proceedings are to be conducted as in a statutory trial of the right of property, the intervenor or claimant, must rely on the strength of his own title, not on the weakness of that the plaintiff may assert. It is not the province of the court to frame or direct the issue which is to be formed between the plaintiff and the intervening claimant; the law declares it, and the power of the court is, if there be a controversy, to decide whether the issue tendered, or formed, corresponds to the law. We need not now decide whether the issue the court directed, is that which should have been formed, as the case must be reversed on other grounds, and hereafter, if there be error in that respect, it may be corrected.

It was the settled doctrine in this court, that a mortgage of an unplanted crop, did not pass to the mortgagee a legal title to the crop as it was planted, or as it came into existence, on which he could maintain detinue for the recovery of the crop, or other legal remedies for its conversion or tortious taking.—3 Brick. Dig.661, §§ 399–400. The rule is modified and changed by the act of the General Assembly, of February 23, 1889, (Pamph. Acts, 1888–89, p. 45), by which mortgages of an unplanted crop, if executed on or after the first day of January, pass the legal title to the mortgagee. The mortgage under which the appellees deduce title to the cotton in controversy, having been executed subsequent to the first day of January, passed to the appellees a legal title to the crops grown by the mortgagor. There was no necessity that after the crops came into existence, the mortgagor should have done any new act affirmatory of the mortgage, and for the purpose of effectuating it.

Such acts were, prior to the statute, necessary to convert the equity the mortgage created, into a legal interest and title. The statute intervenes, and converts the mortgage into a legal title from the moment of its execution, as if it were a mortgage of a crop planted.—*Hooper v. Payne*, 94 Ala. 223.

The mortgage passed to the mortgagees no other or greater interest in the crops than resided in the mortgagor—it was his right and interest only he had capacity to convey. The agreement between the mortgagor and the appellant, by which the mortgagor furnished the lands on which the cotton was grown, and the appellant the labor to produce it, the crop to be divided between them, created between them the relation of tenants in common of the crop.—*Gardner v. Head*, 108 Ala. 619; *Adams v. State*, 87 Ala. 89; 2 Brick. Dig. 129, §§ 3-6.

The relation of tenancy in common may be dissolved partially or totally, by the agreement of the cotenants. Or there may. be a partial division of the subject of the tenancy. There is evidence tending to show that the cotton in controversy had been set apart, as part of the share of the common crop to which the appellant was entitled, and had passed into his possession. If this be true, *eo instanti* the severance, the tenancy was, as to this cotton, dissolved, and the appellant became its sole owner, entitled to intervene, and could maintain his intervention. The pivotal inquiry the case involves, is as to the existence and severance of the relation of tenancy in common, and evidence not aiding in the solution of this inquiry, is irrelevant. The evidence of the declaration, it was shown the appellant made to Bizzell, that "if Phillip Keyser," (the mortgagor) "had taken his advice, there would not have been a lint of cotton left," was irrelevant. It was without tendency to show that the tenancy in common had not been created, and that there had not been as to the cotton in controversy, a severance, a partial dissolution of the tenancy, and was well calculated to mislead and prejudice the jury. The general instruction to the jury, it is manifest from what has been said, was erroneous. Without considering other questions presented by the assignment of errors, the judgment must be reversed and the cause remanded, because of the errors pointed out.

Reversed and remanded.