# Bennett, Admx., *v.* McKee.

*Statutory Trial of the Right of Property.*

[DECIDED FEB. 7, 1905.]

1. *Claim Suit; Sufficiency of Affidavit.*—In a statutory trial of the right to property, where the claim to the property is based on a mortgage or lien, the affidavit of claims must state the nature of the right, and if faulty in this respect, the claimant must be cast in the suit.

2. *Rent; Sufficiency of Assignment in Mortgage.*—Where in a mortgage, the mortgagor "grants, bargains, sells and conveys" to the mortgagee, all rents that may be due him during the current year, such words are sufficient to assign to the mortgagee rent due the mortgagor from a tenant, and this is true, although the mortgage may never have been recorded.


APPEAL from Marengo Circuit Court.

Heard before the Hon. JOHN C. ANDERSON.

This was a statutory trial of the right of property, which was instituted upon the levy of an execution in favor of the appellee, George H. McKee, against one

Richard Montgomery, upon certain property, whereupon one M. W. Bennett introduced a claim to the property so levied upon.

After the interposition of this claim, said M. W. Bennett died, and the claim was revived in the name of the appellant, Caroline Bennett, as the administratrix of said M. W. Bennett, deceased. Upon issue made under direction of the court upon the trial of the right of property so levied upon, the following facts were shown: On the 2nd day of May, 1900, G. H. McKee, the appellee in this cause, recovered a judgment in the circuit court of Marengo county, against one Richard Montgomery (a defendant in execution), for the sum of $178,-80, besides the cost of suit. On the 5th day of December, 1900, execution issued on this judgment at the suit of McKee, and the same was by the sheriff of Marengo county levied on the property in dispute, together with other property as the property of the defendant in execution Richard Montgomery.

Prior to the recovery of the judgment as before set out, Richard Montgomery (defendant in execution) rented out all his lands for the year 1900, to one Elbert Montgomery; he, Richard Montgomery, not raising any cotton at all. After having rented out his said lands, he gave I. A. Agee a mortgage on all crops of cotton, etc., and in the body of said mortgage or instrument in writing transferred all his rents to I. A. Agee. The language of said mortgage as to the rent is copied in the opinion.

Elbert Montgomery, the tenant, after having gathered the crop placed 2971 pounds of cotton in the seed in a house on the premises of the defendant in execution *for I. A. Agee.* It was not placed in said house for the landlord of Elbert, the said defendant in execution, but *for I. A. Agee.* I. A. Agee, prior to said levy, sold said cotton in dispute to M. W. Bennett, the deceased claimant, who paid Agee for same, but left the cotton where the same had been placed by the said tenant Elbert Montgomery for *I. A. Agee.* There is no evidence whatever, that the defendant in execution, Richard Montgomery, at any time exercised any acts of ownership over said cotton, or ever claimed any possession thereof.

[Bennett, Admrx. v. McKee.]

Upon the claimant offering to introduce in evidence the mortgage from Richard Montgomery to I. A. Agee, the plaintiff objected to the introduction of said mortgage in evidence, and moved to exclude said instrument upon the following grounds: 1. Because the same is a mortgage, and was not recorded prior to the levy of the plaintiff's execution; and, 2. Because under and by virtue of said instrument, the defendant merely mortgaged his rents, and said mortgage being unrecorded, could not defeat the lien of plaintiff's execution. The court sustained the objection and motion, and excluded said instrument from the evidence before the jury, and to this ruling the claimant duly excepted.

Upon the introduction of all the evidence, the claimant requested the court to give to the jury the general affirmative charge in her favor, and duly excepted to the court's refusal to give said charge, as requested.

There was verdict and judgment for the plaintiff. The claimant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

CANTERBURY & GILDER, for appellant, cited Code of Ala. § 1890; *Kennedy v. Smith*, 99 Ala. 83; Code of Ala. § 2706; *Hopkins v. Smith*, 20 Ala. 179; *Ballard's case*, 107 Ala. 396; *Ross v. Lawson*, 105 Ala. 352.

WILLIAM CUNNINGHAM, for appellee.—The court did not err in excluding the mortgage offered in evidence. Code of 1896, § 4145; *Ivey v. Coston*, 134 Ala. 259; Code of 1896, §§ 1005 and 1009; *Simpson & Hall v. Hinson*, 88 Ala. 527; *Wells v. Watson*, 101 Ala. 628; *Jackson v. Bain*, 74 Ala. 328; *Scloss v. Inman, Smith & Co.*, 129 Ala. 424.

The court did not err in refusing the general charge for the claimant.—Code of 1896, §§ 1005, 1009 and 1892; *Jackson v. Bain*, 74 Ala. 328; *Shaham v. Herzberg*, 73 Ala. 59; *Wells v. Watson*, 101 Ala. 628; 3 Brick. Digest, p. 110, § 55.

TYSON, J.—The fact that the cotton, when levied on, was in a house on the premises of the defendant in exe-

cution is *prima facie* evidence of possession of it by defendant, and, therefore, of ownership, and cast upon the claimant the burden of showing title to the property in her intestate. Nor can plaintiff be defeated by claimant showing title in a third person unless she knows that her intestate acquired that third person's right to the property.—2 Brick. Dig. p. 480, § 67; 4 Mayfield's Dig. p. 977, § 56.

If the claim is based on a mortgage or lien, the affidavit must state the nature of the right, and if the affidavit is faulty in this respect, the claimant must be cast in the suit.—§ 4145, Code 1896; *Ivey v. Coston,* 134 Ala. 259.

We do not, however, understand from the record that the claim here asserted is based upon a mortgage or lien, but upon the legal title acquired to the property by claimants' intestate, Bennett, from one Agee of whom he purchased it prior to the levy of the execution.

The cotton was raised by a tenant of defendant in execution and placed by him in a house on the premises of defendant for Agee, subject to the payment of his rent. It was thus situated at the time that Agee, claiming to be the owner of it by virtue of an assignment to him of the rent, sold it to Bennett. If Agee was the owner of the rental contract by assignment and the cotton was in his possession at the time he sold it to Bennett, then Bennett acquired the legal title to it and the claimant is entitled to recover. And whether Agee was in possession of it under the evidence, was a question for the jury.

Agee's claim to the cotton is based upon a clause in a mortgage executed to him by the defendant long before the levy of the execution and for that matter, before its issuance.

The mortgage contains this language; "I hereby grant, bargain, sell and convey, to the said I. A. Agee * * * * all rents that may be due me during the current year, 1900." By section 2706 of the Code the claim of a landlord for rent may be assigned and the assignee is invested with all the landlord's rights. The assignment may be by parol or by mere delivery of the rent note or by appropriate words in a mortgage. See cases cited under section 2706.

That the words employed in the mortgage were sufficient to assign the rent and did so operate, we entertain no doubt. When the assignment of the rent was effectuated, Agee was the landlord and he alone had a lien upon the cotton, and when he took possession of it, if the jury should find that he did, he became the absolute owner of it and could, of course, convey the legal title to it to Bennett.

It is of no consequence that the mortgage was never recorded. An assignment by a landlord of his claim for rent is not required to be recorded. For the purpose of showing Agee's right and title to the cotton, the claimant should have been allowed to introduce the mortgage in evidence. Its exclusion was error for which the judgment must be reversed.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concurring.