[Clemmons, Powers & Co. v. Metcalf.]

# Clemmons, Powers & Co. v. Metcalf.

### *Destruction of Mortgage Lien.*

(Decided Dec. 22, 1910. 54 South. 208.)

1. *Mortgages; Unplanted Crops; Effect.*—A mortgage executed before Jan. 1, of the year in which the crops are to be grown, upon unplanted crops conveys·an equity only, but clothes the mortgagee with the right to sue on the case in his own name anyone who sells the crops and receives and converts the proceeds.

2. *Same; Recording; Notice.*—The recording of a mortgage executed before Jan. 1, on unplanted crops to be grown in the future is constructive notice at least to a subsequent mortgagee.

3. *Same; Waiver.*—A waiver is a voluntary and intentional abandonment or relinquishment of a known legal right, and under the evidence in this case no waiver by the first mortgagee to rely on his mortgage is shown as against the second mortgagee.

4. *Estoppel; Crop Mortgage.*—Under the evidence in this case it is held that the first mortgagee was not estopped from relying on his mortgage by any misrepresentations to the second mortgagee, or that he disregarded any duty owed by him to the second mortgagee or that the second mortgagee changed his position on the faith of any representations made by the first mortgagee.

APPEAL from Geneva Circuit Court.

Heard before Hon. M. SOLLIE.

Action by Clemmons, Powers & Co. against P. M. Metcalf for the destruction of a mortgage lien on cotton. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The substance of the testimony on which an estoppel and waiver was sought to be predicated was that Metcalf told one of the firm of Clemmons, Powers & Co. that he took a mortgage on Clemmons in the fall of 1907, embracing the crops of 1908, and that he had furnished said Clemmons between $2,000 and $3,000 with which to make the crop, and that Powers told him that Clemmons owed the company, but said nothing about a mortgage; that Powers discussed the matter on

several occasions, but at no time mentioned the mortgage. Appellee also testified about two conversations with Clemmons, a member of the partnership, one of which was in the spring of 1908, at which time he tried to induce Metcalf to take up the account J. W. Clemmons owed the partnership, but said nothing about the mortgage. He also testified that in the fall, while he was buying the cotton, he had another conversation with plaintiff Clemmons, and in the conversation something was said in reference to the purchase of J. W. Clemmons' land and sale of the crops. J. W. Clemmons testified that, when he gave the mortgage to Metcalf, he told Metcalf about having given a mortgage to appellant, and that appellee asked what he was going to do about this, and he replied he expected to get it taken up by another party.

C. D. CARMICHAEL, and W. R. CHAPMAN, for appellant. The plaintiff has a right of action on the case.—*Leslie v. Hinson*, 83 Ala. 266. The registration of the mortgage was sufficient notice.—*Smith v. Fields*, 79 *Ala*. 335. The defendant was entitled to the affirmative charge unless there was sufficient evidence of a waiver or estoppel to require that to be submitted to the jury.—*Ryan v. Young*, 147 Ala. 664. The evidence does not warrant the finding of either a waiver or estoppel.—105 U. S. 359; 86 Ala. 570; 29 A. & E. Enc. of Law, 1091; 66 Conn. 227; 92 U. S. 281; 30 N. Y. 164; *Brigham v. Carlisle*, 78 Ala. 243. On the proposition of his acts constituting estoppel see.—*McPherson v. Walters*, 16 Ala. 714; *Tobias v. Morris & Co.* 126 Ala. 550. Counsel discuss other assignments of error, but without citation of authority.

No counsel marked for appellee.

[Clemmons, Powers & Co. v. Metcalf.]

EVANS, J.—On the 4th day of March, 1907, one J. W. Clemmons executed and delivered to complainants, Clemmons, Power & Co., a mortgage upon his entire crop of cotton to be grown by him in Geneva county in the year 1908 to secure an indebtedness of $750, due October 15, 1908. In the year 1908 the said J. W. Clemmons made a crop of cotton on lands in Geneva county of which he was in possession, claiming title and ownership at the time this mortgage was executed. The mortgage was filed for record in the office of the judge of probate of Geneva county on the 23d day of March, 1907, and duly recorded. On November 27, 1907, the said J. W. Clemmons executed and delivered to defendant, P. M. Metcalf, a mortgage to secure a recited indebtedness of $2,000, upon the same cotton crop. In the fall of the year 1908 the said P. M. Metcalf bought the said cotton of the J. W. Clemmons so grown, and mortgaged and sold the said cotton, and applied the proceeds to the payment of the mortgage debt due him by said J. W. Clemmons. The said Clemmons, Powers & Co. brought this suit against the defendant for his wrongful act in thus converting said cotton to his own use. A mortgage of an unplanted crop, executed before the 1st day of January of the year in which such crop is grown, does not convey the legal title, "but it conveys an equity, which clothes the mortgagee with the right to maintain an action on the case in his own name, against any one who sells the crop thus mortgaged and receives and converts the proceeds."—*Leslie v. Hinson,* 83 Ala. 268, 3 South. 444, and cases there cited.

It thus appears from the undisputed facts in this case, as above mentioned, that the plaintiffs were entitled to the affirmative charge asked by them, unless they are estopped from asserting their claim by their con-

versations with or conduct toward defendant, or rather by the conversation with or conduct toward the defendant by one of the firm, after the execution of the said mortgage to defendant, and before the said cotton was bought by the defendant; or unless the complainants by reason of what they said and did thereby waived their rights in the premises in favor of defendant. It would be difficult to see upon what principle of estoppel or waiver such a conclusion is to be worked out from the words or conduct of complainants so far as any evidence in this case goes. The mortgage of complainants was recorded quite a while before defendant had any dealings with J. W. Clemmons. Therefore of the existence of this mortgage defendant had notice, at least, constructive notice. If there is any estoppel at all to be considered from the evidence, it must be estoppel by misrepresentation.

In Ewart's work on Estoppel by Misrepreentation, the following are laid down as the conditions of such estoppel: (1) There must be a misrepresentation. (2) Either (a) by the estoppel-denier (personal misrepresentation); or (b) by some person whose representation he has made credible (assisted misrepresentation). (3) There must be a disregard of some duty. (4) The misrepresentation must be as to some fact or law. (5) The misrepresentation must be of something material. (6) Fraud or bad faith in the estoppel-denier is not essential—an innocent misrepresentation will estop. (7) Negligence (carelessness) is sometimes essential. (8) The estoppel-asserter must be a person to whom immediately or mediately the misrepresentation was made. (9) The estoppel-asserter must on the faith of the misrepresentation change his position prejudicially. (10) The estoppel-denier must have reasonable grounds for

[Clemmons, Powers & Co. v. Metcalf.]

anticipating some change of position upon the faith of the misrepresentation. (11) The change of position must be reasonably consequent upon the misrepresentation or the assistance.

From a careful examination of the testimony, it does not appear that either of plaintiffs ever made any misrepresentation to defendant; nor does it appear that there was a disregard of any duty owed by plaintiffs to defendant; nor does it appear that Metcalf, upon the faith of any representation, made by either of complainants, changed his position prejudicially. For these several reasons there could be no estoppel of plaintiffs.

There is no evidence whatever upon which to predicate a waiver. A waiver, in a general sense, is the voluntary and intentional abandonment, renunciation, or relinquishment of a known legal right.—*Caulfield v. Finnegan,* 114 Ala. 48, 21 South. 484; *Walker v. Wigginton,* 50 Ala. 583; *Peabody v. Maguire,* 79 Me. 572, 585, 12 Atl. 630.

The court erred in refusing to give the affirmative charge asked by plaintiffs. There are 32 other assignments of error, but it is unnecessary to consider these.

For the error above pointed out, the case is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.