(75 South. 329)

HESK et al. v. ELLIS. (4 Div. 705.)

(Supreme Court of Alabama. April 26, 1917.)

1. DETINUE ⬅16—CLAIM CASE—EVIDENCE.

On the trial of a claim interposed in detinue, setting up ownership of a hog, evidence as to statements made to a witness by one claimant about a hog was properly admitted over objection that the witness did not know that the claimant was speaking of the hog in controversy, where there was other evidence from which the jury could have inferred that claimant was speaking of such hog.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 25.]

2. WITNESSES ⬅379(2)—IMPEACHMENT—INCONSISTENT STATEMENTS.

Where a witness, in such case, had testified that the hog in suit belonged to claimants, the court did not err in permitting plaintiff to ask another witness whether the first witness had not said that he thought the hog was his, and that he thought that he had as much claim as anybody, and did not know to whom the hog belonged.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1220, 1248.]

3. DETINUE ⬅16—CLAIM CASE — EVIDENCE.

Where a claim is interposed in detinue under Code 1907, § 3792, the claim stands for trial between plaintiff and claimant as though they were original parties, plaintiff and defendant respectively, to a statutory action in detinue.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 25.]

4. WITNESSES ⬅388(3) — IMPEACHMENT — PREDICATE—CLAIM CASE.

Where a claim was interposed in detinue, the original defendant, not being a party to the claim case, was not impeachable by proof of inconsistent statement, without a proper predicate laid giving him an opportunity to admit, deny, or explain the statement assailed.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1234, 1235.]

5. APPEAL AND ERROR ⬅1048(7)—HARMLESS ERROR—IMPEACHING TESTIMONY.

The admission of evidence to impeach a witness not a party to a claim case on trial, without a proper predicate having been laid, did not require a reversal, where it appeared that the impeaching witness had previously been allowed without objection to give the entire substance of his impeaching testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4160.]

6. APPEAL AND ERROR ⬅1015(5)—GROUND FOR REVERSAL—DENIAL OF NEW TRIAL.

The denial of a new trial did not require a reversal, where the newly discovered evidence relied on related to an admission made by plaintiff prior to the trial, and it appeared that such admission, if established, would not necessarily be conclusive against plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3867–3870, 3874–3876.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Detinue by J. E. Ellis against Amanda Hesk and others, wherein a claim was interposed by Amanda Hesk and others. From judgment for plaintiff, claimants appealed to the Court of Appeals, and the cause was transferred to the Supreme Court. Affirmed.

Farmer & Farmer, of Dothan, for appellants. Martin & Crawford, of Dothan, for appellee.

SAYRE, J. [1] Trial of the right of property in a hog. Claimants moved to exclude the testimony of the witness Taylor in regard to statements about a hog made to him by one of the claimants on the ground that the witness did not know that the said claimant was speaking of the hog in controversy. We assume that the witness did not know of what hog the claimant was speaking; but there was evidence a plenty from which the jury may have inferred that the claimant was speaking of the hog in suit. The claimant's alleged statement being in derogation of the title set up by him in this suit, there was no error in overruling the motion to exclude Taylor's evidence.

[2] Claimants' witness Hesk (Mr. Hesk) had testified quite positively that the hog in suit belonged to claimants. There was therefore no error in permitting plaintiff to ask his witness Calloway, in the very language of the predicate which had been laid (Transcript, p. 10), whether Hesk had not said that he thought the hog was his, that he thought he had as much claim to him as anybody, and he did not know whose hog he (the hog) was.

[3] The testimony of the witness Culbreth, upon being recalled, tended to contradict and impeach the witness Hesk (Mr. Hesk). The original action—detinue for the hog in question—had been brought against the witness Hesk. Claimants then interposed their claim, the hog was delivered to them under bond, and the trial was a trial of the right of property between them and the

original plaintiff. The law contemplates in such case:

"That there shall be a distinct, separate contestation or controversy between the plaintiffs in the action and the intervening claimant." Keyser v. Maas, 111 Ala. 390, 21 South. 346.

"And it seems to result from the nature of the issue to be litigated where a claim is interposed in detinue under section 3792 [of the Code] that the dependent and collateral cause stands for trial between plaintiff and claimant as though they were original parties, plaintiff and defendant respectively, to a statutory action of detinue." Slaughter v. Webster, 194 Ala. 642, 70 South. 128.

[4, 5] The witness Hesk was therefore not a party to the cause on trial, and was not impeachable, as parties are, by proof of inconsistent statements without a proper predicate laid giving him an opportunity to admit, deny, or explain the statement assailed. Upon proper and timely objection—and the objection to the impeaching question made the subject of the fourth assignment of error was both proper and timely—plaintiff should have been required to lay the customary predicate. But the court is of opinion that the judgment should not be reversed on account of the failure to require a predicate at the point in question, this for the reason that previously the impeaching witness had been allowed without objection to give the entire substance of his impeaching testimony. The repetition of a part of his testimony or the addition of an immaterial detail can hardly have affected the result.

[6] There can be no reversal on account of the court's denial of the motion for a new trial. The newly discovered evidence related to an admission alleged to have been made by the plaintiff prior to the trial. But the admission, if established beyond peradventure and accepted as a true statement of the plaintiff's mind at the time, was not of such character as necessarily to conclude the cause against him. The trial court had a better view of the case than we can have, and we are unwilling to affirm error of the ruling on the motion. As the case appears to us upon the record, it was a case for jury decision if ever there was one, and we have found no sufficient reason for interfering with the result.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.