(108 So. 346)

### HAMMOND v. WHITE. (8 Div. 392.)

(Court of Appeals of Alabama. April 10, 1926.)

1. Execution ⬥184—Affidavit of claim to property levied on, which failed to state nature of claimant's right, held insufficient (Code 1923, § 10379).

Affidavit of claim to property levied on, which recited simply that property levied on was not that of defendant in execution, but was the property of the claimant who had a just claim thereto, without stating the nature of claimant's right as required by Code 1923, § 10379, held insufficient.

2. Execution ⬥184—In statutory trial of right of property, where claim to property is based on a mortgage or lien, affidavit of claim must state nature of the right (Code 1923, § 10379).

In statutory trial of right of property, where claim to property is based on a mortgage or lien, affidavit of claim, in view of Code 1923, § 10379, must state nature of the right, and, if faulty in this respect, the plaintiff must be cast in the suit.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Claim suit between H. F. White, plaintiff in execution, and J. W. Hammond, Jr., claimant. Judgment for plaintiff, and claimant appeals. Affirmed.

See, also, 214 Ala. 431, 108 So. 347.

A. A. Williams, of Florence, for appellant.

Counsel argues for error in the judgment, but without citing authorities.

Bradshaw & Barnett, of Florence, for appellee.

The judgment of the trial court was correct, appellant having failed to comply with the law in making his affidavit. Code 1923, § 10379; Gulf Coast L. Co. v. Miles, 206 Ala. 429, 90 So. 281; Ivey v. Coston & Co., 134 Ala. 259, 32 So. 664; Hall & Brown v. Haley Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; Bennett v. McKee, 144 Ala. 601, 38 So. 129.

RICE, J. This is a trial, by the court sitting without a jury, of the right of property between the appellee as plaintiff in execution and the appellant as claimant. The only error assigned is the action of the trial court in rendering judgment for the plaintiff.

[1] The affidavit of claim recites simply that the property levied upon was not that of the defendant in execution, but was the property of the claimant who had a just claim thereto. From the evidence and the brief for appellant it is clear that claimant bases his right to recover upon a lien as for rent and advances.

[2] In a statutory trial of the right of property, where the claim to the property is based on a mortgage or lien, the affidavit of claim must state the nature of the right, and, if faulty in this respect, the claimant must be cast in the suit. Bennett v. McKee, 144 Ala. 601, 38 So. 129; Ivey v. Coston & Co., 134 Ala. 259, 32 So. 664; Code 1923, § 10379.

The judgment is in accord with the law as above stated. It is affirmed.

Affirmed.