HERREN v. BURNS et al. (7 Div. 830.)

Supreme Court of Alabama. June 14, 1928.

1. **Landlord and tenant** ⊜57(1)—Clause in landlord's mortgage, "Also the rents that may accrue to us in said years," held sufficient as assignment of rent.

Provision in mortgage given by landlord, "Also the rents that may accrue to us in said years," *held* sufficient as an assignment of rent.

2. **Landlord and tenant** ⊜57(1)—Landlord's assignment of rent held operative, though rent was for succeeding year and no lien was in existence.

Landlord's assignment of rent *held* not inoperative by virtue of fact that it related to rent for succeeding year and that there was no present lien in existence; Code 1923, § 9008, being inapplicable.

3. **Landlord and tenant** ⊜57(2)—One holding assignment of rent for succeeding year held to have lien on cotton grown on premises, as against assignee of tenant's subsequent rent note.

Mortgagee of landlord holding assignment of rent under the mortgage applicable to rent for succeeding year *held* to have lien on cotton grown on the rented land, as against bank taking assignment from landlord of tenant's subsequently executed rent note.

4. **Landlord and tenant** ⊜57(2)—Possession of crop by assignee of rent note gave assignee title only in case assignee had superior lien.

Possession and control of cotton by assignee of tenant's rent note caused lien to ripen into legal title only if assignee had superior lien to the crop.

Appeal from Circuit Court, Calhoun County; W. B. Merrill, Judge.

Attachment suit by J. M. Herren against C. A. Burns, with interposition of claim by the Anniston National Bank. Plaintiff takes a nonsuit, with bill of exceptions, and appeals from adverse rulings on pleading and evidence. Transferred from Court of Appeals under section 7326, Code 1923. Reversed and remanded.

J. P. Whiteside, of Anniston, for appellant.

The landlord may assign his claim for rent, and no particular form is necessary. The words used in plaintiff's mortgage are sufficient. Code 1923, § 8802; Bennett v. McKee, 144 Ala. 601, 38 So. 129. The present owner of land may assign rents which may accrue to him therefrom in certain years, although at the time of making the assignment there is no contract in existence for rent of the land. 5 C. J. 852; Skipper v. Stokes, 42 Ala. 255, 94 Am. Dec. 646; Patapsco Guano Co. v. Ballard, 107 Ala. 710, 19 So. 777, 54 Am. St. Rep. 131; Robinson v. Mauldin, Montague & Co., 11 Ala. 980. Assignment of a chose

first in time takes priority over subsequent assignments of the same chose by the assignor without the question of notice. Hatchett v. Molton, 76 Ala. 410. Code, § 9008, does not apply to assignments of rent.

Ross Blackmon and Harvey A. Emerson, both of Anniston, for appellees.

A mortgage on crops to be grown in the year subsequent to the year the debt matures is void. Code 1923, § 9008; W. B. Smith & Sons v. Gay, 21 Ala. App. 130, 106 So. 214; Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31. A sale, mortgage, or assignment of property in præsenti, to which the vendor, mortgagor, or assignor, has no title, or which has no actual or potential existence, is inoperative and void. Booker v. Jones, 55 Ala. 266; Authorities, supra. Under Code, § 6135, a warehouse receipt stands in lieu of the goods, and transfer of the receipt is delivery of possession of the goods. Allen, Bethune & Co. v. Maury Co., 66 Ala. 10; Merchants' Nat. Bank v. Bales, 148 Ala. 279, 41 So. 516. The instrument under which plaintiff claims is a mortgage and not an assignment. 11 C. J. 402; Comer v. Constantine, 86 Ala. 492, 5 So. 773.

ANDERSON, C. J. This was a trial of the right of property between rival lienors or assignors of one Jennings, the landlord, and involved two bales of cotton grown on the rented land during the year 1927. The appellant relied upon the assignment of the rent by virtue of the following clause, "Also the rents that may accrue to us in said years" (meaning the years 1926-1927), appearing in a mortgage given him by the landlord, Jennings, on March 5, 1926. The appellee bank claimed as the assignee of a rent note given Jennings, the landlord, by a tenant November 6, 1926, as rent for the year 1927, and which said note was assigned to it November 15, 1926, for value.

[1-3] The above-quoted provision from the mortgage to the appellant was sufficient as an assignment of the rent. Bennett v. McKee, 144 Ala. 601, 38 So. 129. It is suggested that the assignment was inoperative because there was no lien in existence as it related to rent for a succeeding year and the landlord, Jennings, had nothing to assign, but this suggestion is without merit and is foreclosed by the case of Patapsco Guano Co. v. Ballard, 107 Ala. 710, 19 So. 777, 54 Am. St. Rep. 131. It was there held that an assignment of the rent in the mortgage, as here, was sufficient to pass the landlord's lien to the assignee to the rent for 1891, although the assignment was made in 1890 and the premises were not then rented for the year 1891, but were rented to the tenants for the year 1891 in or during said year. We therefore hold that the trial court erred in excluding the appellant's mortgage, which included the assignment, and, in effect, held that the appellant had no lien on the cotton.

Appellees' counsel place some reliance upon section 9008 of the Code of 1923 as affecting the appellant's lien. This provision strikes down only mortgages and contracts to mortgage upon crops to be grown subsequent to the year in which the debt matures, and has no application to the landlord's lien or the assignment thereof. So also do the cases cited deal with mortgages and sales rather than liens of this character and the assignment thereof. The present mortgage may have been inoperative, under the statute, as a mortgage upon the crop to be grown by the mortgagor during the year 1927, but this did not impair the same as to the personal property then in existence or the assignment of the rent.

[4] We, of course, concede the soundness of the appellees' counsel's contention that, if the bank had a lien and subsequently acquired the possession and control of the cotton, said lien ripened into a legal title, but this must be upon the hypothesis that the bank had a superior or better lien than the appellant.

As to whether or not the bank was a purchaser without notice is a question not before us as the case was, in effect, decided against appellant before that stage was reached. It is sufficient to suggest, however, that there is at least evidence in the present record to make it a question for the jury as to whether or not the bank had notice of appellant's assignment when it purchased the rent note from Jennings November 15, 1926, and this is true, regardless of constructive notice arising out of the registration of the mortgage, but which may be doubted as constructive notice, as assignments of this character are not among the instruments to be recorded for constructive notice.

The judgment of the circuit court is reversed, the nonsuit is set aside, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.