## SHAW et al. v. KINNEY.

### 6 Div. 392.

Supreme Court of Alabama.

June 22, 1933.

Wright & McAfee, of Decatur, for appellant.

St. John & St. John, of Cullman, for appellee.

THOMAS, Justice.

The appeal presents the question of the priority of two mortgages.

The cause was tried on an agreed statement of facts. The judgment was by the court without a jury.

The decisions, before the amendment of the statute (section 9008, Code), are to the effect that, where a mortgage is given on land and on a crop grown during the year in which such mortgage was executed and each successive year thereafter, until that indebtedness is paid, the legal title was conveyed for the year the mortgage was executed and an equitable lien on the crops grown on such land during subsequent years, which lien may be enforced by an action on the case. Clemmons, Powers & Co. v. Metcalf, 171 Ala. 101, 54 So. 208; Truss et al., Executors, v. Harvey, 120 Ala. 636, 24 So. 927; Leslie v. Hinson, 83 Ala. 268, 3 So. 443; Whaley v. Bright, 189 Ala. 135, 66 So. 644; Sellers & Orum Co. v. Hardaway, 188 Ala. 388, 66 So. 460; In W. B. Smith & Sons v. Gay, 21 Ala. App. 130, 106 So. 214, the change in the present Code and statute is adverted to by Judge Samford. White v. Kinney, 211 Ala. 624, 101 So. 426. See, also, First Nat. Bank of Stevenson v. Crawford, post, p. 188, 149 So. 228.

The change in section 9008 of the Code employed the words: " * * * All mortgages of crops to be grown *in the year subsequent to the year in which the debt secured by the mortgage matures,* and all contracts to execute such mortgage shall be absolutely null and void." (Italics supplied). Herren v. Burns, 217 Ala. 692, 117 So. 417. The act will be construed as a whole to obtain the legislative intent thereof.

Under the common law a mortgage executed on an unplanted crop to be grown on land in which the mortgagor had a present interest at the time of its execution vested in the mortgagee only an equitable title to the crops subsequently planted and matured by the mortgagor. Paden & Co. v. Bellenger & Ralls, 87 Ala. 575, 6 So. 351; Varnum v. State, 78 Ala. 30; Mayer & Co. v. Taylor & Co., 69 Ala. 403, 44 Am. Rep. 522; Grant v. Steiner, 65 Ala. 499.

The purpose and effect of the statute, now section 9008 of the Code, as first enacted, was to authorize the mortgagee to pass the legal title to such crops by a mortgage executed on or after the 1st of January of the year in which the crop was to be grown. Shows v. Brantley, 127 Ala. 352, 28 So. 716; Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346.

The purpose and effect of the last amendment to this section of the Code was to deny the power to such mortgagors to incumber their crops, by equitable lien or title, except as to crops grown on land which the mortgagor owned or had a present interest in when the mortgage was given, during the year or years in which the debt secured by the mortgage, by its terms, matured.

So therefore the mortgage on which the plaintiff relies, executed in December, 1930, securing a debt maturing in the year 1931, vested in him an equitable title to the crops produced by the mortgagor during the year 1931.

The judgment of the circuit court is without error, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.