### FIRST NAT. BANK OF STEVENSON v. CRAWFORD et al.

#### 8 Div. 521.

Supreme Court of Alabama.

June 22, 1933.

Proctor & Snodgrass, of Scottsboro, for petitioner.

Ernest Parks, of Scottsboro, opposed.

KNIGHT, Justice.

Petition of First National Bank of Stevenson for writ of certiorari to the Court of Appeals to bring before us for review the opinion and conclusion of that court in the case of First National Bank of Stevenson v. Margie Crawford et al., 149 So. 230.

From the facts disclosed in the opinion filed in said cause by the Court of Appeals, speaking both through Judge Rice and Judge Samford, it appears that the suit is one in detinue for the recovery of certain described corn and hay, being crops grown during the year 1931 on a plantation, at one time owned by one Ridley. It appears that Ridley on January 9, 1931, executed to this petitioner a mortgage, covering by its terms "my (Ridley's) entire 1931 crop. Our entire crops of corn, cotton and produce, and all rents accruing to us for the year 1931," etc. This mortgage was of record, when Ridley on January 14, 1931, conveyed the lands to Margie Crawford et al., his daughters.

It also appears that Ridley had rented a part of the land for the crop year 1931 to two named tenants, for a certain portion of the crop. These tenants never attorned, so far as the opinion discloses, to either the petitioner or to the defendants in the action, but thereafter paid the rent—two hundred bushels of corn and the fifty-five bales of hay —to the defendants. Petitioner brought suit in detinue to recover this specific personal property.

The Court of Appeals was of the opinion that the plaintiff (petitioner) could not recover in the action, and reversed the judgment of the lower court, for the reasons set forth in the two opinions in the cause, and rendered judgment in favor of the defendants.

■ While the mortgage in question was executed on January 9th, and was due and payable on March 13, 1931, it nevertheless was not void, for the reason that it became due before the crops of 1931, which it purported to convey, could be raised and gathered. This question is controlled by section 9008 of the Code. Under the provision of that section of the Code, the mortgage of an unplanted crop, if executed after January 1st of that current year, passes the legal title to the mortgagee from the moment of its execution. Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346. This, of course, means to apply to such crops as may thereafter, during said year, be produced by the mortgagor, his agents, servants, or employees (Holst & Co. v. Harmon, 122 Ala. 453, 26 So. 157), but not to crops grown by a tenant, for in the latter case the landlord had, and could have, no legal title to convey. The legal title would be in the tenant, subject to the lien of the landlord for rent. This case involves only crops grown by tenants.

■■ The mortgage in question was, however, efficacious to transfer to the petitioner the rent claims or rent obligations of the tenants on the land for that year. And this constituted a severance of the rents from the reversion; and the purchase by, or the conveyance of the mortgagor to, the daughter of the mortgagor, of the land, subsequent to the execution and recordation of the mortgage, could not defeat the rights of the mortgagee, as transferee of the rents, in a proper proceedings. Young v. Garber, 149 Ala. 196, 42 So. 867; Herren v. Burns et al., 217 Ala. 692, 117 So. 417.; Patapsco Guano Co. v. Ballard, 107 Ala. 710, 19 So. 777, 54 Am. St. Rep. 131; Pierce v. Fulmer, 165 Ala. 344, 51 So. 728; Wootten v. Vaughn, 202 Ala. 684, 81 So. 660.

■ While the landlord, and, as for that matter, his assignee of the rent claim, has a lien on the crop grown for rent, this lien is neither a jus ad rem, nor is it a jus in re. Jackson v. Bain, 74 Ala. 328. Having merely a lien on the tenant's crops, neither the landlord nor his assignee could maintain detinue to recover rents due. He must resort to other actions and remedies for the enforcement of his lien.

■ There is possibly no rule of law better understood than that, when a plaintiff relies solely upon proof of title, and not upon prior possession, it is incumbent upon him to show that at the time the suit was brought he had the legal title to the property, and the right to the immediate possession of the same. The general rule is otherwise expressed, that to maintain detinue, or the corresponding statutory action for the recovery of chattels in specie, the plaintiff must, at the commencement of the action, have a general or special property in the goods sought to be recovered, and must be entitled to the immediate possession. Hollimon v. McGregor, 225 Ala. 517, 143 So. 902; Minge v. Clark et al., 193 Ala. 447, 69 So. 421.

In the case of White et al. v. Kinney, 211 Ala. 624, 101 So. 426, the tenant had actually made delivery of certain cotton to his landlord, and the court held that this vested in the landlord the legal title to the cotton.

To the same effect is the holding of this court in the Patapsco Guano Co. Case, supra.

In the present case, the property (crops), upon which at most the petitioner only had a lien, has never been delivered to the petitioner by the tenant, nor has he ever had any prior possession of the same. The tenant, so far as we are advised by anything stated in the opinion of the Court of Appeals, has never recognized the right of the petitioner in the crops; to the contrary he made delivery of the rent to the reversioners. The plaintiff under the facts could only recover upon showing legal title in himself, and, this being the case, the defendants could show an outstanding title in a third person without connecting themselves therewith, or they could rely upon their possession solely.

Failing to show legal title to the property sued for and the right to the immediate possession thereof, it follows that the plaintiff in the court below was not entitled to recover, and the judgment of the Court of Appeals, in reversing the judgment of the circuit court and in rendering judgment in that court in favor of the defendants, was proper, and the writ of certiorari will therefore be denied.

In reaching this conclusion, we have not considered any question of variance, but have considered the case on its merits.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

149. So. 252