163 So. 321

## BANK OF FLORALA v. WILLIAMS.
### 4 Div. 830.

Supreme Court of Alabama.
June 20, 1935.

Rehearing Denied Oct. 10, 1935.

J. L. Murphy, of Andalusia, for appellant.

Rowe & Rowe, of Elba, for appellee.

GARDNER, Justice.

Both plaintiff and claimant assert their right to the personalty here involved by virtue of an assignment of the rents to become due the owner of the land, C. F. Deal. Plaintiff's assignment is embraced in his mortgage of February 20, 1932, and was duly recorded April 4, 1932; while that of the claimant bank rests upon a mortgage by said Deal bearing date January 6, 1933.

The language of these mortgages, similar to that found in First National Bank v. Crawford, 227 Ala. 188, 149 So. 228, and Herren v. Burns et al., 217 Ala. 692, 117 So. 417, sufficed as an assignment of the rent and to transfer to the mortgagees the rent obligations of the tenants on the land for that year. So much is conceded.

Conceding, without deciding, that the act of September 9, 1927 (General Acts 1927, p. 496, section 6854 (1), Michie's Code, 1928), is not sufficiently broad as to require such an assignment of rent to be recorded (a question here unnecessary to be determined), claimant bank could take nothing thereby. If not required to be of record, then plaintiff's assignment, being prior in point of time, takes priority of right. Such was the effect of the ruling in Bennett v. McKee, 144 Ala. 601, 38 So. 129, 130, where the court said: "It is of no consequence that the mortgage was never recorded. An assignment by a landlord of his claim for rent is not required to be recorded. For the purpose of showing Agee's right and title to the cotton, the claimant should have been allowed to introduce the mortgage in evidence." Undisputedly plaintiff's mortgage was on record long prior to the execution of the mortgage to claimant bank. So if the act should be held to authorize the recordation of the assignment, then its requirements have been met.

In either event, plaintiff was entitled to recover, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.